## COMMONWEALTH v. PHILA. ETC. C. & I. CO.

| 137 | 481 |
| 145 | 287 |
| 137 | 481 |
| 150 | 331 |

APPEALS BY PLAINTIFF AND DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 3, 1890—Decided October 6, 1890.
[To be reported.]

1. The solvency of a corporation, for the purposes of taxation upon its bonded indebtedness under the provisions of the act of June 30, 1885, P. L. 194, will be assumed, on proof that the interest upon such indebtedness has been paid.
2. When a corporation is in the hands of receivers, and the treasurer of the corporation is also the treasurer of the receivers, it is clearly the treasurer's duty, under the act of 1885, to assess the tax upon the company's bonds, on payment by the receivers of interest thereon.
3. If such assessment were made by the treasurer, it would be the duty of the receivers to pay the tax to the commonwealth; and if he make default in the assessment, the corporation is liable therefor, and an account for the tax may properly be settled against it.
(*a*) The receivers of a railroad company, which was the guarantor of bonds of a coal company, purchased, from the holders of some of the bonds, interest coupons at a discount. Said coupons were then canceled, surrendered to the coal company and charged to it in an account current:
4. For the purposes of taxation, under said act, this was equivalent to payment of the interest by the coal company, and it was the duty of the treasurer to make the proper assessment, the commonwealth not being bound to await the general settlement of accounts between the two companies.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 16, 17 May Term 1890, Sup. Ct.; court below No. 512 September Term 1887, C. P.

On April 13, 1887, the auditor general and state treasurer, upon a return made under protest by the treasurer of the Philadelphia & Reading Coal & Iron Company, a corporation organized under the laws of Pennsylvania, settled and entered an account against said company as follows:

For tax on scrip, bonds and certificates of indebtedness, per

Decision of Court below.

§ 4, the act of June 30, 1885, for the year ending first Monday of November, 1886, as per report herewith filed:

Nominal value of scrip, bonds
and certificates of indebted-
ness, owned by residents of
Pennsylvania, . . . $11,508,837.45

Tax, three mills, . . . . . $34,526.51
Deduct treasurer's commission, . . . 222.63
_____
Due commonwealth, . . . . $34,303.88

From the settlement thus made, said corporation filed an appeal, with specifications of objections, and the cause was then submitted to the decision of the court, without a jury, under the provisions of the act of April 22, 1874, P. L. 109.

On May 5, 1890, after hearing had, the court, SIMONTON, P. J., filed the following decision:

This case, by agreement of the parties, was tried by the court without a jury, as provided by the act of April 22, 1874. It originated in an account settled by the auditor general and state treasurer against defendant, for tax on bonded indebtedness, under § 4, act of June 30, 1885, for the year 1886; from which settlement defendant appealed to this court, as authorized by the act of 1811, relative to public accounts.

### FINDINGS OF FACT.

1. Defendant is a Pennsylvania corporation, of which the sole stockholder is the Philadelphia & Reading Railroad Company, and, during the year 1886, it was in the hands of receivers, appointed in April, 1884, by the Circuit Court of the United States for the Eastern District of Pennsylvania; and one of the terms of the decree appointing said receivers was, "that they pay all rents and taxes due and growing due by the aforesaid corporation."

2. The total amount of the bonded indebtedness of the defendant, during the year 1886, as shown by the report made by its treasurer, December 17, 1886, was $14,256,837.45. Said report showed that $2,748,000 of said indebtedness was held and owned by non-residents of Pennsylvania, and this sum was deducted in the settlement appealed from, and defendant was charged with tax on the balance, viz.: $11,508,837.45.

Decision of Court below.

3. [Neither the company defendant nor its receivers paid, in 1886, any interest on $8,600,000 of this balance, but interest was paid thereon by the Philadelphia & Reading Railroad Company, which had guaranteed the payment of the principal and interest on the bonds representing said balance at the time they were issued. A less rate of interest than that due upon the face of the coupons detached from said bonds was paid by said railroad company, and the coupons were transferred by the holders to it when said payments were made.] [3]

This indebtedness of $8,600,000 was held and owned in 1886 as follows:

| | |
|---|---|
| By non-residents of Pennsylvania, . . . | $1,383,500.00 |
| By residents of Pennsylvania, . . . . . | 6,809,500.00 |
| By Pennsylvania corporations, . . . . | 137,000.00 |
| By unknown persons, . . . . . . . . | 270,000.00 |

4. The guarantee given by said railroad company upon said bonds when issued was as follows:

" Know all men by these presents, That the Philadelphia & Reading Railroad Company, for a valuable consideration paid by the Philadelphia & Reading Coal & Iron Company, do hereby guarantee the punctual payment of the interest on the within bond, as the same shall become due and payable, and also of the principal sum of the said bond, at the date of its maturity, to the lawful holder or holders of the same, respectively, according to the terms thereof."

And the holders of said coupons, when they were paid as above stated, signed and delivered a receipt and assignment as follows:

" We, the undersigned, acknowledge to have received from the receivers of the Philadelphia & Reading Railroad Company, guarantors of the bonds of the Philadelphia & Reading Coal & Iron Company herein referred to, the amount set opposite our respective names, in consideration of which we hereby set over, transfer and assign all interest due to us on the first day (the day of the date of the coupons), upon the bonds of the Philadelphia & Reading Coal & Iron Company secured by mortgage. . . . . It being expressly understood and agreed that the bonds so held by us, and all after-accruing interest thereon, shall retain priority of lien upon the mortgaged premises over the amount of interest hereby transferred to the said receivers."

Decision of Court below.

5. The corporation defendant was in 1866, and has been at all times since, largely indebted to the Philadelphia & Reading Railroad Company, its sole stockholder, and the coupons so paid by and assigned to the said railroad company were canceled by it and returned to the defendant, and it was charged upon the books of the railroad company with the amounts so paid for said coupons.

6. Interest was paid, during 1886, by the receivers of the corporation defendant, on $4,335,837.45 of the indebtedness of defendant, being the balance remaining after deducting the $8,600,000, upon which interest was paid by the receivers of said railroad company, and $1,321,000, upon which no interest was paid from any source during said year, from $14,256,837.45, the total indebtedness of defendant.

This indebtedness of $4,335,837.45 was, when said interest was paid, held and owned as follows:

| | |
|---|---:|
| By non-residents of Pennsylvania, . . . | $1,058,500.00 |
| By residents of Pennsylvania, . . . . . | 2,695,837.45 |
| By corporations of Pennsylvania, . . . | 255,000.00 |
| By unknown persons, . . . . . . . . · | 100,500.00 |
| By trustees resident in Pennsylvania, . . | 226,000.00 |

No taxes were deducted from any part of this indebtedness, when the interest thereon was paid by said receivers. The interest was paid out of funds in the hands of the receivers belonging to defendant.

7. The treasurer of defendant, before making the report of defendant's indebtedness above referred to, upon which the settlement appealed from is based, made diligent inquiry and used all proper efforts to learn the residences of the holders and owners of the evidence of said indebtedness. Nearly all the bonds issued by defendant, and evidencing said indebtedness, contain an agreement by the defendant to pay the taxes due or to become due thereon; and no tax was deducted from any part of the interest paid by said receivers.

8. The dates when the interest became due upon the indebtedness of defendant were as follows:

   *     *     *     *     *     *     *     *     *

The appeal in this case contains thirty-four separate specifications of objection to the settlement, but the questions which we consider it necessary to discuss are comparatively few.

Decision of Court below.

It is contended, on behalf of the corporation defendant, that it is not liable for any part of the amount charged against it in the settlement appealed from, for the reason that the tax in question is, by the act of 1885, imposed on money owing by solvent debtors only, whereas defendant, during the year 1886, was insolvent and in the hands of receivers.

[By § 4 of the act, it is made the duty of the treasurer of each private corporation to deduct the tax when the interest is paid. Solvent means, literally, paying; and we hold, notwithstanding the fact that defendant was in the hands of receivers, that it was, within the meaning and intent of the act, solvent as to so much of its indebtedness as it actually paid, and this objection cannot, therefore, be sustained. It is further claimed that defendant is not liable for any part of the amount charged in the settlement, for the reason that no interest on any part of its indebtedness was paid directly by it; that the only interest paid during 1886 was paid by its receivers, and that the defendant cannot be charged with tax in respect to such payment. We do not think this claim can be sustained. The principles involved in the decision of Phila. etc. R. Co. v. Commonwealth, 104 Pa. 80, are applicable to this case, and, without ·repeating what is there said, we hold that the defendant is properly charged in the settlement appealed from with tax on the amount of its bonded indebtedness on which the interest was paid by its receivers.] [1]

It is further contended that defendant is not liable for the tax on the $8,600,000, the interest upon which was not paid either by defendant or by its receivers, but was paid, in the manner stated in the finding of facts, by the receivers of the Philadelphia & Reading Railroad Company, the guarantor of said indebtedness. We think this claim is valid. The act requires the tax to be retained by the treasurer of each private corporation, upon the payment of any interest; and, no interest having been paid by the treasurer of defendant or its receivers, we are unable to see how defendant, or any one on its behalf, could have retained the tax, and, as to this portion of its indebtedness, we think defendant was in 1886 insolvent. The question is not now before us, but it would seem that the duty of retaining the tax must rest upon the person or corporation paying the interest.

Decision of Court below.

We have found that the treasurer of defendant, before making report, made diligent inquiry and used every proper effort to ascertain the residences of the holders and owners of defendant's indebtedness; and we therefore think that it is not liable for tax upon the amount of indebtedness reported to be held by persons unknown, it not having been shown by the commonwealth that any part of said indebtedness is held and owned by residents of Pennsylvania. And defendant is, of course, not liable for tax upon the part of its indebtedness upon which no interest was paid from any source during 1886.

The fact that defendant agreed, when the bonds were issued, to pay the tax that might be imposed upon its indebtedness by the state, cannot affect the result. The state was no party to this agreement, and it could not be deprived by it of its right to have the amount of the tax deducted when the interest was paid. The tax is upon the creditor in respect of the indebtedness, and the source to which the state looks for the tax is the interest due and paid. If the debtor has agreed to pay the tax, the creditor must look to the debtor for it; the state can, none the less, claim it out of the interest.

Nor is the position of the debtor any the worse because of the agreement. He does not thereby become liable to the tax until the interest is actually paid, for until this is done, the tax by the terms of the taxing act is not due.

We do not think it necessary to refer in detail to any of the other specifications of objections to the settlement. On the authority of Commonwealth v. Canal Co., 123 Pa. 594, and Commonwealth v. Railroad Co., 129 Pa. 429, all the specifications are overruled, except those which are sustained in the following

CONCLUSIONS OF LAW.

1. [The commonwealth is entitled to judgment against defendant for the tax charged in the settlement appealed from, upon so much of the $4,335,837.45, the interest on which was paid in 1886 by the receivers of defendant, as was not held and owned by non-residents of Pennsylvania, by Pennsylvania corporations, and by persons unknown, namely, on the sum of $2,921,837.45.] [2]

2. [Defendant is not liable for tax upon any part of the $8,600,000 upon which neither it nor its receivers paid interest

in 1886, but upon which the interest for that year was paid by the receivers of the Philadelphia & Reading Railroad Company.] [a]

3. Defendant is not liable for tax upon the $1,321,000 of its indebtedness upon which no interest was paid during the year 1886.

4. Defendant is not liable to tax upon any part of its indebtedness which was held and owned in 1886 by non-residents of Pennsylvania, corporations of Pennsylvania, or persons whose residences are stated to be unknown in the report upon which the settlement appealed from is based.

\*    \*    \*    \*    \*    \*    \*    \*    \*

—The court thereupon directed judgment to be entered in favor of the commonwealth for $11,825.27, unless exceptions were filed within the time limited by law, in accordance with a calculation finding that sum to be due upon the basis of the amount taxable being $2,921,837.45.

Exceptions to the foregoing decision were filed by the Philadelphia & Reading Coal & Iron Company, averring that the court erred : In the finding of facts embraced in [ ] [3]; and in the conclusions of law stated in [ ] [1] [2]  The commonwealth excepted to the conclusion of law embraced in [ ] [a].

On May 13, 1890, the court entered a decree overruling all the exceptions and directing judgment to be entered for the amount specified in the original decision.   Thereupon

The Philadelphia & Reading Coal & Iron Company took the appeal at No. 16, specifying that the court erred :

1–3. In overruling the defendant's exceptions.[1 to 3]

4. In entering judgment in any sum for the commonwealth.

And the Commonwealth took the appeal at No. 17, specifying that the court erred :

1. In not sustaining the commonwealth's exception.[a]

*Mr. William B. Lamberton* (with him *Mr. George R. Kaercher*), for the Phila. etc. Coal & Iron Co., appellant in No. 16, and appellee in No. 17 :

1. The defendant is not liable for the tax on bonds the interest on which was paid by its receivers.   This tax does not represent a debt due from the company to the commonwealth.

Arguments.

The former, under the law, is merely the collector of the tax: Commonwealth v. Railroad Co., 104 Pa. 89. In the present instance, the tax can become a liability of the company, if at all, either: (1) as a result of the contract between the company and the bondholder for the payment of interest free of tax; (2) by way of penalty for non-performance of duty; or (3) by inheritance from the receivers. The company cannot be held liable on the first ground. The contract between it and the bondholders was made for the benefit of the latter. It was not made for the commonwealth's benefit, and the commonwealth was not a party to it and can claim no advantage from it: Finney v. Finney, 16 Pa. 380; Blymire v. Boistle, 6 W. 182; Robertson v. Reed, 47 Pa. 115; Mundorff v. School Directors, 4 Penny. 103; Bank of St. Louis v. Grand Lodge, 8 Otto 123.

2. Nor is the tax collectible by way of penalty. The company had no control over the money with which the interest was paid. The receivers who paid it were temporary managers of the property, appointed by the court in the place of the managers appointed by the company: Beach on Receivers, § 335; Phila. etc. R. Co. v. Commonwealth, 104 Pa. 80; representing the bondholders: Beach on Receivers, § 346; and having a custody of the property hostile to the stockholders of the corporation. Hence, the stockholders are not liable for the non-collection of this tax, as they were in no way responsible therefor. It is argued, however, that the company is liable, because, having received its property back from the receivers, it has gotten the benefit of the payment by them of the interest. Such a conclusion does not legally or logically follow. The law will not impose a retroactive penalty for failure to do that which was impossible. The tax becomes a liability of the company only if the company could lawfully have collected it from the bondholders.

3. In this case the company did not pay the interest, and was not in a position to collect the tax. The receivers had no authority to collect it. By the act of June 30, 1885, P. L. 194, the treasurer of the company is designated as the one authorized to assess and retain the tax when paying interest, and he has personally a function to perform in its lawful collection. The authority to collect taxes may not be delegated without express sanction of law: Shoemaker v. Swiler, 2 Pears. 114;

and they must be collected by the person and in the manner prescribed by statute: Cooley on Taxation, 2d ed., 424, 425; 2 Desty on Taxation, 685, 687; Chalker v. Ives, 55 Pa. 81; Cannell v. Crawford Co., 59 Pa. 196; Stephens v. Wilkins, 6 Pa. 260.   An unauthorized person attempting such collection would be a trespasser: Cooley on Taxation, 709, 796; Hilbish v. Hower, 58 Pa. 93.   In any event, the property of the stockholders would not be responsible for the individual negligence of the receivers in not collecting and paying the tax: Beach on Receivers, §§ 365, 368, 749; High on Receivers, § 778.

4. In this case, however, there was no such lawful assessment as would give rise to a liability for the tax.   This loan tax is an ad valorem tax, and as such requires a lawful assessment: Cooley on Taxation, 238.   The act of June 30, 1885, P. L. 194, did not create a new tax on corporate loans, but simply provided more efficient machinery for their taxation: Commonwealth v. Canal Co., 123 Pa. 617; Commonwealth v. Railroad Co., 104 Pa. 89; Cooley on Taxation, 351.   Although this tax was said, in Commonwealth v. Railroad Co., 129 Pa. 429, to be "in the nature of a specific tax," yet both that case and Commonwealth v. Canal Co., supra, distinguish it from a specific tax, in that it requires an assessment by a duly authorized officer.   It is beyond controversy that the bonds described in § 4 of the act of 1885 are subjected to an ad valorem tax by § 1, and are merely sub-classified for the application of a different method of assessment and collection.   In this case, there was no assessment, and the only person authorized to make one had no opportunity to do so.   Moreover, under the provisions of the act, the tax on the bonds of an insolvent corporation must be held to have been collected through the county officials.

5. The company is not liable for the tax on bonds the coupons of which were purchased by the receivers of the railroad company. The amount expended in their purchase is an acknowledged indebtedness of the defendant, represented by a book-account. The money paid from time to time by the defendant to the railroad company has never canceled any portion of the sum expended in their purchase.   The question whether a particular transaction was a payment or a purchase of the coupons, is one of fact rather than of law: Jones on Corporate Bonds and Mort-

Arguments.

gages, § 253; Ketchum v. Duncan, 6 Otto 659. There is no extinguishment until payment: City v. Lawson, 9 Wall. 482. The defendant did not pay any part of the interest represented by these coupons to the railroad company nor to any one else, and as, under the act of 1885, it could not have collected any tax from interest which it did not pay, nothing can be recovered from it in this case as tax upon these bonds.

*Mr. John F. Sanderson*, Deputy Attorney General, (with him *Mr. William S. Kirkpatrick*, Attorney General,) for the commonwealth, appellee in No. 16, and appellant in No. 17:

1. The interest coupons paid by the receivers of the railroad company, in pursuance of that company's guaranty, have been credited to the railroad company by the defendant, and have become a matter of book-account between the two companies. For the purposes of the taxing statute this amounts to a payment of the interest by the defendant to the railroad company. In view of the ownership and management of the coal and iron company by the railroad company, the fact that the balance of the account has been largely in favor of the latter, is immaterial. As the railroad company was credited with the amount of the coupons, without deduction for the tax, it should be inferred that the defendant has assumed the payment of the tax to the commonwealth.

2. The defendant is liable for the tax on the bonds upon which its own receivers paid interest. In so deciding, the court below followed Phila. etc. R. Co. v. Commonwealth, 104 Pa. 80. It is conceded that the tax is not a personal tax upon the corporation, but the corporation is the collector of a tax upon the bondholders, acting through its proper officer or agent. The term treasurer, in § 4, act of June 30, 1885, P. L. 194, applies to the person by whose hand the money is paid for the debtor corporation. That the corporation may designate that person by some other name than treasurer, or that the law, on taking possession of the corporation, may substitute some other person to discharge his functions, does not defeat the statute. The interest was paid in this instance with the money of the defendant, and the fact that such money was in the nominal control of the receivers, is immaterial.

NO 16.

OPINION, MR. JUSTICE CLARK:

This case, in the court below, was an appeal from a settlement by the auditor general, etc., for taxes on the loans of the Philadelphia & Reading Coal & Iron Company, for the year 1886, under the provisions of the act of June 30, 1885. The right of trial by jury having been waived, the case was tried by the court under the act of April 22, 1874. Some of the questions originally presented under the appeal have since been settled in the very recent cases of Commonwealth v. Canal Co., 123 Pa 594, and Commonwealth v. Railroad Co., 129 Pa. 429.

It appears that, during the whole of the year 1886, the Philadelphia & Reading Coal & Iron Company was in the hands of receivers appointed by the Circuit Court of the United States, who, during that year, paid the interest on $2,921,837.48 of the company's bonded indebtedness, held by resident owners, or resident trustees, in full, without deducting or paying to the state the tax of three mills provided by the act of 1885; and, as the interest was paid by the receivers, and not by the treasurer of the company, the appellant's contention is that the company is not liable for the tax; this is the only remaining question for our consideration in this case.

The receivers' treasurer was also the treasurer of the company. Upon payment of the interest, it was his duty, as treasurer of the company, to assess the tax, and the like duty of the receivers to pay it. The solvency of the company, for the purposes of taxation on its bonded indebtedness, will be assumed on payment of the interest. Acting in the dual capacity of treasurer for both the company and its receivers, his duty was plain and clear, and, failing in the discharge of that duty, the company is liable for his default. The receivers were not the proper persons to assess the taxes, and, of course, they were not responsible personally for any failure in this respect; it was the treasurer's duty to assess the tax, and the responsibility rested upon the company, whose treasurer he was. The receivers had a right to carry the company's purse for the purpose of paying the company's debts, as the company would have been obliged to pay, had the receivers not been appointed. If the tax had been assessed, it would have been

the receivers' duty to pay, but, as the treasurer made default in the assessment, the account is properly settled against the company.

The court was clearly right in charging the company with the tax upon the fund, upon which the interest was actually paid by the receivers.

The judgment is affirmed.

### NO. 17.

OPINION, MR. JUSTICE CLARK:

This case came into the Court of Common Pleas of Dauphin county on an appeal by the Philadelphia & Reading Coal & Iron Company from a settlement made by the auditor general, etc., for taxes on the bonded indebtedness of the company for the year 1886, under the act of June 30, 1885. By agreement of counsel, the case was tried by the court without a jury.

The learned judge finds that the Philadelphia & Reading Coal & Iron Company is a Pennsylvania corporation, and that the Philadelphia & Reading Railroad Company is the sole stockholder therein, and is also the guarantor for the punctual payment of the interest, as well as of the principal, of the bonded indebtedness of the coal and iron company at maturity; that upon $8,600,000 of this indebtedness the interest for the year 1886, at a rate less than stipulated in the coupons, was, by the receivers of the Philadelphia & Reading Railroad Company, paid to the holders of the bonds, who transferred the coupons to the said receivers; that the coupons so paid and assigned were thereupon canceled by the railroad company and returned to the coal and iron company, and the amount paid therefor by the former charged in an account current to the latter, as so much money paid, laid out, and expended for the coal and iron company's use.

For purposes of taxation, we think that was equivalent to an actual payment of the interest. The money was paid for and in behalf of the coal and iron company, to the party properly entitled, by the guarantor of the debt, who thereupon canceled and surrendered the obligation, and entered the amount in their general account. The commonwealth was not bound to await the general settlement of accounts between these companies; if this were so, by a continuation in this course of

Opinions of the Court.

business from year to year, the adjustment of taxes on loans might be prolonged indefinitely, and the commonwealth after a series of years would only ascertain the coal and iron company's liability for state taxes upon a general settlement of the mutual accounts and demands existing between the respective companies. The interest, as such, with all its incidents of lien, remedy, etc., was converted into an ordinary debt adjustable in a general settlement of accounts, and we think this was equivalent, as respects the commonwealth's right to the tax, to an actual payment. Nor could the coal and iron company, or its treasurer, have been ignorant of this method of adjusting the interest, for the bonds, after having been paid, transferred, and canceled, were surrendered.

Of this indebtedness, $6,809,500 was held by residents of Pennsylvania, and it was the duty of the treasurer of the coal and iron company to assess the tax as required by the provisions of the act of 1885. If the coal and iron company, by its mode of dealing with the railroad company, put it out of the power of the treasurer to deduct the tax from the interest, it was, nevertheless, his duty to make the assessment, and thus to fix the responsibility of the company for payment thereof. This, however, he failed to do, and for this failure the company is responsible. In the absence of any agreement to the contrary, on payment of the tax the coal and iron company would have been entitled to a credit pro tanto in the account, but would in any event be liable to the state, whether any agreement existed as alleged or not. We do not question the good faith of this particular transaction. But, if this mode of dealing were permitted to prevail against the tax laws of the state, it would be in the power of these corporations, and of all others similarly situated, by a mere device to delay and defeat the proper collection of the taxes which they of right ought to pay.

We are of the opinion that the court erred in holding this defence to be a valid one as to that part of the indebtedness mentioned, and in refusing to charge the defendant company with the tax thereon; and upon this ground

> The judgment is reversed, and judgment is now entered for the plaintiff, and against the defendant, for the sum of forty-four thousand two hundred and twenty-seven dollars, and costs.