## Commonwealth v. American Ice Company.

*Taxation—Corporations—Tax on loans—Foreign corporations—Non-resident treasurer—Act of July 15, 1919—Constitutionality.*

1. The Act of July 15, 1919, P. L. 958, amending the Acts of 1885 and 1913, so as to impose on non-resident treasurers of foreign corporations the duty of acting as agents for the Commonwealth in collecting the tax due from the individual residents of Pennsylvania who own bonds of such corporations, is unconstitutional.

2. The Commonwealth of Pennsylvania cannot constitutionally impose upon a foreign corporation the duty of requiring its non-resident treasurer, when paying outside of the State the interest on its bonds, to deduct from such interest the tax due to the Commonwealth from the holders of the bonds residing in Pennsylvania.

Appeal from settlement by the Commonwealth of tax on loans. C. P. Dauphin Co., Commonwealth Docket, 1920, No. 70.

*William I. Schaffer*, Attorney-General, and *Frank M. Hunter*, Deputy Attorney-General, for plaintiff.

*Olmsted, Snyder & Miller*, for defendant.

HARGEST, P. J., Dec. 15, 1921.—This is an appeal by the defendant from the settlement of an account by the Auditor General and State Treasurer for a tax on loans for the year 1919. It was submitted to the court under a stipulation that trial by jury be dispensed with, pursuant to the provisions of the Act of April 22, 1874, P. L. 109.

### Facts.

The facts which have been agreed upon by counsel we find as follows:

1. The American Ice Company is a corporation of the State of New Jersey, having its principal place of business, office and treasury in Jersey City, New Jersey.

2. During the year 1919, and for a number of years prior thereto, the company was registered to do business within the State of Pennsylvania, and actually carried on part of its business within the State of Pennsylvania.

3. The treasurer of the company, during all of the year 1919, and during the previous years of the company's existence, resided in the State of New Jersey, and performed his duties as treasurer in Jersey City, in the State of New Jersey.

1 D. & C.

4. All the evidences of the company's indebtedness were created and issued under the authority of the laws of the State of New Jersey. The interest accruing from time to time thereon is payable, and actually paid, in Jersey City and New York City, and not elsewhere, and was there paid during the year 1919. The right to interest is evidenced by coupons payable to the bearer, which, when due, are separated from the bonds and presented for payment in Jersey City or New York City.

5. During the year 1919 the defendant had outstanding $6,264,700 of bonds, $586,000 of which were owned by individual residents of the State of Pennsylvania. Upon $522,000 a full year's interest was paid by the defendant, and upon the remaining $64,000 only six months' interest was paid. All of said interest on said $586,000 was paid after the passage of the Act of July 15, 1919, P. L. 958. All of the said interest paid upon the total amount of bonds owned by individual residents of the State of Pennsylvania was paid by the company's treasurer at the company's office located outside of the State of Pennsylvania.

*Discussion.*

The tax sought to be collected in this case is the personal property tax, due from individual residents of Pennsylvania, on the evidences of indebtedness held and owned by them. It is imposed by the 4th section of the Act of June 30, 1885, P. L. 193, and the 18th section of the Act of June 17, 1913, P. L. 507. This latter act was amended by the Act of July 15, 1919, P. L. 958, and the Commonwealth claims the tax in this case by virtue of that amendment, the language of which is as follows: "The provisions of this section shall apply to all foreign corporations, duly registered and doing business in this State, without regard to whether the treasurers or other fiscal officers of such corporations whose duty it may be to pay the interest on obligations of the character aforesaid may be residents or non-residents of this Commonwealth."

The purpose of this amendment was to impose on the non-resident treasurers of foreign corporations the duty of acting as agents for the Commonwealth of Pennsylvania in collecting the tax due from the individual residents of Pennsylvania who own bonds of such corporations. The tax upon the loans of corporations is not a tax laid on the company, but on each individual resident holder of the bonds of the corporation; and the corporation, or its treasurer, is merely the agent of the Commonwealth, or the instrument for the collection of the tax: Com. *v.* Lehigh Valley R. R. Co., 104 Pa. 89.

The failure of the treasurer to deduct the tax from the interest due to owners of the bonds, resident in Pennsylvania, makes the corporation liable for the tax: Com. *v.* Phila. & R. C. & I. Co., 137 Pa. 481; Com. *v.* Delaware Division Canal Co., 123 Pa. 594. The question is, therefore, whether the Commonwealth can require a non-resident treasurer of a foreign corporation to act for it outside of the territorial limits of the State, and impose a penalty upon the corporation for his failure so to do?

This question is no longer open to discussion. The case of New York, Lake Erie & West. R. R. Co. *v.* Pennsylvania, 153 U. S. 628, 646, which reversed the Supreme Court of Pennsylvania (129 Pa. 429, 463), clearly settles it. In that case Mr. Justice Harlan, speaking for the court, said: "The New York, Lake Erie & Western Railroad Company is not subject to regulations established by Pennsylvania in respect to the mode in which it shall transact its business in the State of New York. The money in the hands of the company in New York to be applied by it to the payment of interest, which by the terms of the contract is payable in New York and not elsewhere, is property beyond the jurisdiction of Pennsylvania, and Pennsylvania is without power to say how

the corporation holding such money in another state shall apply it, and to inflict a penalty upon it for not applying it as directed by its statutes; especially may not Pennsylvania, directly or indirectly, interpose between the corporation and its creditors and forbid it to perform its contract with creditors according to its terms and according to the law of the place of performance. No principle is better settled than that the power of a state, even its power of taxation, in respect to property, is limited to such as is within its jurisdiction."

The Supreme Court of the United States reversed the Supreme Court of Pennsylvania, which had sustained the right of the Commonwealth to require the non-resident treasurer to deduct and pay the tax. The Commonwealth, however, presented the same question again, on a different state of facts, in the case of Com. v. The New York Central & Hudson River R. R. Co., 14 Dauphin Co. Reps. 68, and Judge Kunkel, after carefully considering the subject, came to the conclusion that the Commonwealth could not, consistently with the Constitution of the United States, impose upon the New York Central & Hudson River Railroad Company the duty of deducting from the interest paid in New York to the holders of bonds, resident in Pennsylvania, the tax due thereon from such residents.

In the case of Com. v. The Barrett Manuf. Co., 246 Pa. 301, another effort was made to collect this tax. In that case the treasurer was a non-resident. He sent money from New York to the Land Title and Trust Company in Philadelphia, which corporation was expressly designated on the coupons to make the payment of interest. The Commonwealth contended that, because the company made the Land Title and Trust Company in Philadelphia its agent for this purpose, it came into the State to perform this function, and that in requiring the company to deduct the tax when paying the same through its agent in Pennsylvania, no extra-territorial effect was given to the act.

The Supreme Court of Pennsylvania, however, did not agree with this construction, but followed the case of New York, Lake Erie & Western R. R. Co. v. Pennsylvania, 153 U. S. 628, in holding the tax invalid.

Further discussion of this question seems unnecessary. The Commonwealth of Pennsylvania cannot, constitutionally, impose upon a foreign corporation the duty of requiring its non-resident treasurer, when paying, outside of the State, the interest on its bonds, to deduct from such interest the tax due to the Commonwealth from the holders of the bonds residing in Pennsylvania.

### Conclusions of law.

We, therefore, conclude:

1. That the Commonwealth of Pennsylvania cannot, consistently with the Constitution of the United States, impose upon the American Ice Company the duty, when paying in the City of New York or Jersey City the interest due upon its evidences of indebtedness held by residents of Pennsylvania, of deducting from the interest so paid the amount of tax assessed upon such evidences of indebtedness owned or held by residents of Pennsylvania.

2. The Act of July 15, 1919, P. L. 958, cannot be constitutionally enforced against the defendant company, whose treasurer is a non-resident of this State.

Judgment is, therefore, directed to be entered against the Commonwealth and in favor of the defendant company, unless exceptions be filed within the time limited by law.

From William Jenkins Wilcox, Harrisburg, Pa.