## The Pennsylvania Co., etc., Trustee, v. Finance Realty Corp.

*Wolf, Block, Schorr & Solis-Cohen*, for plaintiff.
*John H. J. Quigley*, for defendant.

LAMBERTON, J., November 3, 1938.—This matter comes before us on petition and answer, and involves the question as to whether a fund in the hands of a former sheriff of Philadelphia County, derived from the sale of real estate belonging to defendant, should be paid to plaintiffs on account of a mortgage debt or to the Commonwealth of Pennsylvania on account of its lien for taxes. Defendant, a corporation of the Commonwealth of Pennsylvania, under date of January 21, 1927, executed and delivered its bond and mortgage unto plaintiff in the principal sum of $30,000, secured upon premises 138 South Eighth Street in the City of Philadelphia. Upon defendant's default, plaintiff foreclosed said mortgage, and the mortgaged premises were exposed for sale by Richard Weglein, Esq., then Sheriff of Philadelphia County, on the first Monday in January 1933, and were bid in by plaintiff for the sum of $20,100. Title was conveyed by the sheriff to plaintiff by deed dated November 27, 1933.

The proper authorities of the Commonwealth of Pennsylvania made settlements against defendant for certain taxes and/or public accounts as follows:

| Date settled | Kind of tax | For the year or period ended | Amount or balance |
|---|---|---|---|
| 8-29-32 | Capital stock | 1931 | $500.00 |
| 11-27-35 | " " | 1933 | 100.00 |
| 11-27-35 | " " | 1934 | 50.00 |
| 12- 3-35 | " " | 1932 | 125.00 |
| 7-28-32 | Corporate loans | 1930 | 1.22 |
| 8-29-32 | " " | 1931 | 1,236.53 |

Total .................. $2,012.75

On September 3, 1936, a lien for said amount was filed in favor of the Commonwealth in Court of Common Pleas No. 1 of Philadelphia County, as of June term, 1936, no. 7010. The amount claimed has been reduced by adjustments to $1,862.53, which sum the sheriff is holding pending the outcome of these proceedings. The Commonwealth's claim to priority is based upon section 1401 of The Fiscal Code of April 9, 1929, P. L. 343. Since The Fiscal Code in said section provides that taxes, etc., shall be a first lien upon the property of a corporation "from the date of settlement", it is obvious that the three settlements made in 1935, totaling $275, are not entitled to the priority claimed because the property in question was sold prior to said settlements. Plaintiff admits that the Commonwealth is entitled to priority for the capital stock tax for the year 1931 in the sum of $500, settlement for which was made on August 29, 1932. Consequently, we are only now concerned with the corporate loans taxes for the years 1930 and 1931, settlement for which was made in the year 1932. The aggregate of these corporate loans taxes is $1,237.75.

The corporate loans tax is imposed by section 17 of the Act of June 17, 1913, P. L. 507, as amended by the State

Personal Property Tax Act of June 22, 1935, P. L. 414, sec. 19, which provides:

"That all scrip, bonds, or certificates of indebtedness issued by any and every private corporation . . . are hereby made taxable . . . for State purposes, at the rate of four mills on each dollar of the nominal value thereof".

Section 4 of the Act of June 30, 1885, P. L. 193, as amended, provides:

". . . it shall be the duty of the treasurer of each private corporation . . . upon the payment of any interest on any . . . indebtedness, issued by said corporation . . . to assess the tax imposed and . . . to deduct three mills on every dollar of the interest paid as aforesaid and return the same into the State Treasury".

Section 1401 of The Fiscal Code of 1929, supra, provides:

"All State taxes imposed under the authority of any law of this Commonwealth . . . and unpaid bonus, interest, penalties, and all public accounts settled against any corporation . . . shall be a first lien upon the franchises and property . . . of such corporation . . . from the date of settlement, and whenever the franchises or property of a corporation . . . shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts, due the Commonwealth, shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation . . .".

The tax on mortgages and evidences of indebtedness was first imposed by the Act of April 29, 1844, P. L. 486. Originally, all such taxes were assessed and collected by public officials, but by the Act of 1885, supra, the duty of assessing and collecting the tax upon corporate loans was imposed upon each corporate treasurer, and there it has remained ever since. The tax lien laws date back to the Act of March 30, 1811, 5 Sm. L. 228. After several intervening acts, the Act of June 15, 1911, P. L. 955, was enacted, which, insofar as corporations are concerned, is almost identical with section 1401 of The Fiscal Code of

1929. It is thus apparent that we are considering legislation which in reality antedates by many years any of the transactions here involved.

There is no doubt that the corporate loans tax is imposed upon the individual holder of the evidence of corporate indebtedness and not upon the debtor corporation: Commonwealth v. Lehigh Valley R. R. Co., 186 Pa. 235. It is equally clear that the corporation is liable for any default on the part of its treasurer in assessing, retaining, or paying over the tax upon the corporate indebtedness: Commonwealth v. Lehigh Valley R. R. Co., supra; Commonwealth v. Wilkes-Barre & Scranton Ry. Co., 162 Pa. 614; Commonwealth v. Philadelphia, etc., Coal & Iron Co., 137 Pa. 481; Commonwealth v. Lehigh Valley R. R. Co., 129 Pa. 429; Commonwealth v. Delaware Division Canal Co., 123 Pa. 594. Counsel for plaintiff admits these premises, but argues that the conclusion of priority for the Commonwealth does not follow because the default of the treasurer creates a simple corporate debt and not a tax liability: Schoyer et al. v. Comet Oil & Refining Co., 284 Pa. 189; Commonwealth v. Lehigh Valley R. R. Co., supra. Counsel overlooks the fact that section 1401 of The Fiscal Code, and preceding similar legislation, gives to the Commonwealth priority, not only for taxes, but also for "all public accounts settled against any corporation". The vital and decisive question therefore is whether we have in the instant case a settlement of a public account.

In Schoyer et al. v. Comet Oil & Refining Co., supra, the Supreme Court had before it the question of the priority of the Commonwealth's claim for gasoline taxes collected by a dealer from the buying public. Chief Justice Kephart there said (p. 196) :

"When these taxes are paid into the hands of the collectors, corporate or individual, they cease to be tax, and the amount due becomes not only a debt, but also a public account within the meaning of the Act of 1811. A public account as defined is very comprehensive. 'Its operation

has not been confined . . . to technical accounts, but has been extended to embrace every case where one retains public money which ought to be paid into the public coffers, no matter under what appellation received. Whether called tax, or dividends, or portions of fees of office, the sums received for, and retained from the public use, fall within the purview of the act': Com. v. The Easton Bank, 10 Pa. 442, 446; Wm. Wilson & Son Silversmith Co.'s Est., supra, 288; Com. v. Reitzel, 9 W. & S. 109; Hutchinson v. Com., 6 Pa. 124."

In the instant case, it is agreed that defendant paid the interest on its debt at the times in question, and that the treasurer performed his statutory duty in deducting therefrom the corporate loans tax. The result of this transaction was that the corporation paid the interest less the tax, and that the amount of the tax remained in its treasury, not as a tax due to the Commonwealth by the corporation, but as tax money collected for the Commonwealth by the corporation. The default came when the corporation failed to pay this money over to the Commonwealth. The decisions hold that in such case a settlement can be made against the corporation for the amount of the tax retained: Commonwealth v. Philadelphia, etc., Coal & Iron Co., supra; Commonwealth v. Delaware Division Canal Co., supra. This has been done. We think this state of facts comes squarely within the definition of a public account given by Chief Justice Kephart, and that, therefore, the Commonwealth is entitled to priority in regard to these items under section 1401 of The Fiscal Code of 1929.

Unfortunately, we cannot state our decision in dollars and cents. The lien filed by the Commonwealth consists of six items totaling $2,012.75, reduced by adjustments to $1,862.53. We are not informed what these adjustments are, and consequently, we cannot tell which items still stand at the original figures and which have been reduced. Counsel may dispose of this matter by agree-

ment or may submit to us another decree embodying the figures.

And now, to wit, November 3, 1938, the rule is made absolute as to capital stock tax for the year 1931, settled August 29, 1932; corporate loans tax for the year 1930, settled July 28, 1932; and corporate loans tax for the year 1931, settled August 29, 1932. The rule is discharged as to capital stock tax for the year 1933, settled November 27, 1935; capital stock tax for the year 1934, settled November 27, 1935; and capital stock tax for the year 1932, settled December 3, 1935.