## Com. *v.* D. & H. Canal Co., Appellant.

*Tax laws—Foreign corporation—Collection of tax.*

It is competent for the Legislature of Pennsylvania to require that foreign corporations doing business in this state shall become responsible for the assessment and collection of the tax imposed by law upon bonds issued by them and owned by residents of Pennsylvania; and § 4 of the Act of June 30, 1885, authorizes a tax settlement in such case.

*Constitutional law—Act of June 30, 1885.*

The Act of June 30, 1885, does not violate any provision of the constitution of Pennsylvania or of the United States or its amendments.

Argued May 31, 1892. Appeal, No. 9, May T., 1892, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 438, for plaintiff, on trial by court, without jury, of appeal from settlement of tax, under Act of June 30, 1885, on bonds owned by residents of Pennsylvania, issued by foreign corporation doing business in this state. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL, and HEYDRICK, JJ.

The specifications of objections on appeal from tax settlement involved substantially the same points as those involved in the exceptions to the findings of the court in the preceding case, except the first, which was as follows:

" The 4th section of the Act of June 30, 1885, does not impose any duties or liabilities upon corporations in respect of any tax upon bonds or mortgages issued by them, but applies only to persons who act in the capacity of treasurers of corporations; and there is no warrant nor authority of law for the settlement of the account hereby appealed from against the corporation appellant."

The court below found the facts as follows, in an opinion by SIMONTON, P. J.:

"1. The Delaware & Hudson Canal Co. is a corporation chartered early in the present century by the state of New York, having, by various statutes of that state, authority to cut a canal between the Delaware and Hudson rivers and to build certain railroads, and to do various other things; the principal purpose being to enable it to supply the New York market with what is therein described as 'stone coal,' now better known as anthracite coal, from the Pennsylvania coal region. Its chief office and treasury are in the city of New York. Its treasurer and other principal officers are, all of them, residents of said city. It has complied with the requirements of the Act of April 22, 1874, P. L. 108, and obtained from the secretary of the commonwealth the required certificate.

"2. By certain Pennsylvania statutes the company acquired the privilege of extending its canal into Pennsylvania and constructing and maintaining certain railways and such other devices as may be found necessary to provide for and facilitate the transportation of coal to the canal, and to do certain other things therein specified.

"3. Since the year 1825 the company has been doing business in Pennsylvania in pursuance of authority of the statutes above mentioned.

"4. So far as the state of Pennsylvania is concerned, the canal and railroads of the company defendant are used chiefly in the transportation of anthracite coal from Pennsylvania into other states.

"5. In § 5 of the Act of April 1, 1825, P. L. 141, which is one of the Acts authorizing the company to do business in Pennsylvania, it is provided 'That the property of the said company, whether real or personal, within this state, shall at all times be liable for its debts and subject to taxation in like manner as similar property held by an individual or by a corporation now is or may be; and the said company shall, under oath or affirmation of the president and treasurer, report to the Legislature, when required so to do, the amount of capital which it may have invested within this state, under pain of forfeiting the rights and privileges hereby granted for neglecting or refusing so to do; and, moreover, the state of Pennsyl-

vania shall, at all times, by its agent or attorney duly appointed, have a right to examine the books, accounts and vouchers of the said company in relation to such reports.' Such taxes have been regularly paid and there is no other provision or requirement upon the subject of taxation to be found in any of the special statutes in pursuance of which the works of the company were constructed in this state. Neither those statutes nor the New York statutes, which constitute the charter of the company, contain any provision requiring it to collect and be responsible for any tax upon bonds and mortgages issued by it, whether held by residents of Pennsylvania or otherwise, nor requiring it to deduct any Pennsylvania state tax from interest paid upon such mortgages; but the said statutes are, all of them, entirely silent upon that subject.

" 6. In pursuance of authority contained in the New York statutes, which constitute its charter, the company has heretofore issued mortgages to the amount of $15,378,000. The bonds secured by them were originally issued and sold in the state of New York to non-residents of Pennsylvania; but, in the year 1890, bonds to the amount of $219,000 were held and owned by individuals residing in Pennsylvania. By the terms of the bonds and the mortgages whereby they are secured, the principal and interest is payable in the city and state of New York at the general office of the company; and the interest is, and was, in 1890, there paid by the treasurer of the company, who is a resident of the state of New York. The said bonds were all issued prior to the year 1885. They are all coupon bonds. Neither bond, nor coupon, nor mortgage, contains any provision for the withholding from the interest of any state tax, or for any deduction whatever from the interest required by the terms of said mortgage, bonds and coupons to be paid.

" 7. On June 10, 1891, the auditor general of Pennsylvania settled and entered, and the state treasurer approved, an account against the company for $624.15, being the tax for the year 1890, charged at three mills upon the nominal value of the $219,000 of bonds held and owned by residents of Pennsylvania, as aforesaid, less a commission of $32.85, which tax is claimed to be due from said company to the commonwealth under § 4 of the Act of June 30, 1885, and § 1 of the Act of June 1, 1889. From this settlement of its account the company duly appealed to this court.

" 8. In paying interest upon its bonds in 1890, the company did not, neither did its treasurer, withhold therefrom any Pennsylvania state tax, as required by § 4 of the Act of June 30, 1885.

" 9. Bonds and mortgages issued by individuals; and also, when owned by residents of Pennsylvania, those issued by foreign corporations not doing business in the state, are assessed and taxed for state purposes in the hands of the owners in the taxing districts in which they reside at their actual value in cash for which they would separately and *bona fide* sell.

### DISCUSSION.

" In each of the Acts of June 30, 1885, and June 1, 1889, the first section makes all bonds and mortgages, etc., taxable annually at the rate of three mills on each dollar of the value thereof. Such evidences of indebtedness, when issued by individuals, or by foreign corporations not doing business in Pennsylvania, are, when held by residents of Pennsylvania, required by various statutes to be assessed by the local assessors of the district in which the owners reside, at their actual value in cash for which they would separately *bona fide* sell; but, in the case of bonds issued by a domestic corporation or by foreign corporations doing business in this state, a different method of assessment and collection is provided by § 4 of the Act of June 30, 1885, which requires that the treasurer of each corporation shall, upon payment of interest, assess a three-mills tax upon the nominal or par value of the bond and withhold the same from the interest paid to the bondholder; and, instead of paying it to the bondholder, turn it over into the state treasury of Pennsylvania. Although the act designated the treasurer as the person to assess and collect the tax, the account is rightly settled against the corporation. Said Clark, J.: ' We are clear in our convictions that if there is any constitutional authority to impose the tax under the fourth section of the act, the settlement by the accounting officer was rightly made against the company. The act constitutes the company, or its treasurer as such, the collector of the tax, and, upon failure to discharge the duty imposed by law, the settlement is properly made against the company whose servant he is, as in the case of the default of any other officer of the government upon whom a like duty is imposed. The obligation rests upon the company;

but, as the company can only act through its officers, the default of the officers is a scheme for the default of the company and the penalty is visited upon them :' Com. v. Del. Div. Canal Co., 123 Pa. 594–618. The constitutionality of the fourth section of the Act of 1885, as applied to domestic corporations, is affirmed in Com. v. Del. Div. Canal Co., *supra ;* Com. v. Lehigh Valley R. R. Co., 129 Pa. 429 ; and the competency of the Legislature of the state to impose upon foreign corporations doing business here the duty, upon payment of interest upon their corporate bonds held by resident holders, to deduct and return the state tax, was considered and affirmed in Com. v. N. Y., L. E. & W. R. R. Co., 129 Pa. 463. We therefore overrule all the objections specified in defendant's appeal, and declare the following

### CONCLUSIONS OF LAW.

" 1. Although § 4 of the Act of 1885 designates the treasurer as the person to assess and collect the tax from bondholders, nevertheless, upon his failure to do so, an account for the tax is properly settled against the corporation itself.

" 2. It is competent for the Legislature of Pennsylvania to require that foreign corporations doing business in this state shall become responsible for the assessment and collection of the tax imposed by law upon bonds issued by them and owned by residents of Pennsylvania.

" 3. The Act of June 30, 1885, does not violate any provision of the Constitution of Pennsylvania.

" 4. The Act of June 30, 1885, is not in conflict with article v of the amendments to the constitution of the United States.

" 5. The Act of June 30, 1885, is not in conflict with § 1 of article xiv of the amendments to the constitution of the United States.

" 6. The Act of June 30, 1885, does not impair the obligation of the charter contract between the state of New York and the said company, nor the obligation of the contract between said company and the owners of its bonds ; and the said Act is not in conflict with paragraph 1 of § 10 of article i of the constitution of the United States.

" 7. The Act of June 30, 1885, is not in conflict with that provision of the constitution of the United States which confers upon Congress the power to regulate commerce with the

foreign nations and among the several states and with the Indian tribes.

" It follows from these conclusions that the commonwealth is entitled to recover:

| | |
|---|---:|
| Tax, | $624 15 |
| Interest, at 12 per cent, from Aug. 10, 1891, to Dec. 10, 1891, | 24 97 |
| Attorney general's commission, | 31 21 |
| Total, | $680 33 |

" For which amount the prothonotary is directed to enter judgment if exceptions are not filed as required by law."

Exceptions were (1–7) to the conclusions of law above, quoting them; (8–17) overruling specifications of objections on appeal from tax settlement; (18) directing judgment for plaintiff, and (19) not for defendant.

The court overruled the exceptions and directed judgment for plaintiff, whereupon defendant appealed.

*Errors assigned* were (1–17) dismissal of exceptions, quoting them; (18) directing judgment for plaintiff, and (19) not for defendant.

*M. E. Olmsted,* for appellant, in addition to the argument in the preceding case.—Section 4 of the Act of June 30, 1885, does not impose tax on the corporations but makes the treasurers agents of the state to collect the tax on the bondholders: Com. v. Del. Div. Canal Co., 123 Pa. 594, 618. The Legislature of one state has not such authority over the residents of another state: Com. v. D. & H. Canal Co., C. P. Dauphin Co., April T., 1881, No. 222, per Pearson, J.; McCullouch v. Maryland, 4 Wheat. 316; State Tax on Foreign Bonds, 15 Wal. 319; St. Louis v. Ferry Co., 11 Wal. 430; Del. R. R. Tax, 18 Wal. 229.

*Jas. A. Stranahan,* Deputy Attorney General, and *W. U. Hensel,* Attorney General, for appellee, relied on Com. v. N. Y., L. E. & W. R. R., 129 Pa. 436.

PER CURIAM, July 13, 1892.

The judgment is affirmed upon the opinion of the learned judge of the court below.

[See, also, the preceding case.]