# Commonwealth, Appellant, v. Roxford Knitting Company.

*Taxation—State—Corporate loans—Act of June 17, 1913, section 17, P. L. 507, 516—Indebtedness—Promissory notes—Payable to banking copartnership—"Certificates of indebtedness"—Duty to collect tax—Neglect—Liability.*

1. A corporation is not taxable for state purposes on an indebtedness represented by promissory notes, payable to a banking copartnership, six months after date, under section 17 of Act of June 17, 1913, P. L. 507, 516.

2. The liability of a corporation for the tax imposed under section 17 of the Act of 1913, arises out of its failure or neglect to assess and collect the tax by deducting the amount thereof from the interest on the indebtedness when paid to the holders thereof.

3. Section 17 of the Act of 1913 imposes no duty on the corporation to collect a tax on an indebtedness represented by promissory notes payable to a bank inasmuch as such obligations are taxable under section 1 of the same act for county purposes, and the tax thereon is not collectible by the corporation but by the local authorities.

Argued May 25, 1920.   Appeal, No. 3, May T., 1920, by plaintiff, from judgment of C. P. Dauphin Co., Com-

monwealth Docket, 1918, No. 74, for defendant, in case of Commonwealth v. Roxford Knitting Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal by defendant from account settled by auditor general and state treasurer for tax on corporate loans. Before KUNKEL, P. J.

The case was tried by the court without a jury.

The court entered judgment for defendant for reasons stated in following opinion by KUNKEL, P. J.:

This is an appeal from the settlement of an account against the defendant company for the loan tax for the year 1917. By agreement it has been submitted to the court for trial without a jury. The facts of the case are stated in a written stipulation filed by the parties.

### FACTS.

The defendant company was incorporated under the laws of this Commonwealth, and has its principal office and place of business in the City of Philadelphia. On August 7, 1918, the present settlement was made against it by the accounting officers of the Commonwealth in which it was charged with a tax of $337.78 on an indebtedness of $200,000, represented by promissory notes, payable six months after date, and owed to Drexel & Company, a copartnership doing a banking business. The money thus borrowed was used by the company in the purchase of material and in the payment of employees. An appeal was taken by the defendant from the settlement on the objections that the indebtedness, having been incurred for current expenses, was not subject to the loan tax, and that the officers of the Commonwealth erred in making the settlement for it against the defendant.

### DISCUSSION.

The Commonwealth suggests that this case is ruled by Com. v. Public Ledger Company, No. 20, Common-

wealth Docket, 1916, lately decided by this court, in which it was held that indebtedness incurred to meet current expenses was subject to the loan tax. This would be so if the taxability of the indebtedness was, as it was in that case, the only question presented for decision, but here the objection to the settlement, although very indefinitely expressed, may be construed to dispute the liability of the defendant for the tax and to challenge the power of the Commonwealth's officers to settle the tax against it. This is an additional question to that raised in Com. v. Public Ledger Company.

Section 17, of the Act of June 17, 1913, P. L. 516, imposes a tax for state purposes on corporate scrip, bonds and certificates of indebtedness. The tax is required to be deducted by the treasurer of the corporation from the interest on the indebtedness when paid to the holders thereof: Section 4, Act of June 30, 1885, P. L. 193; section 18, Act of June 17, 1913, P. L. 517. On failure to collect the tax the corporation is liable therefor: Com. v. Del. Div. Canal Co., 123 Pa. 594; Com. v. Lehigh Valley R. R. Co., 129 Pa. 429 and 186 Pa. 235.

Section 1, of the Act of 1913 makes taxable for county purposes all personal property therein enumerated in the hands of the holder thereof, that is to say: ......"all moneys owing by solvent debtors whether by promissory notes or penal or single bill, bond or judgment...... and all loans issued by any corporation,......and all loans secured by bonds or any other form of certificate or evidence of indebtedness......except such loans as are made taxable for state purposes by section 17 hereof." Thus section 1 imposes the tax for county purposes and section 17, for state purposes.

Are promissory notes discounted or negotiated by a bank or banking institution taxed by the former or latter section, or, in other words, do they fall within the term "certificates of indebtedness" as used in section 17, so as to be subject to taxation for state purposes? We are of the opinion that they do not. The term "certifi-

cates of indebtedness" evidently refers to instruments of like kind with scrip and bonds in connection with which it is used—instruments representing indebtedness of a higher and more permanent character than that represented by notes discounted or negotiated by a bank or banking institution. Such notes do not fall within the class embraced by scrip and bonds. They are not ordinarily spoken of as being issued, as in the case of a permanent or time loan made by a corporation; nor does the tax on them readily admit of collection in the manner prescribed for collecting the tax on the corporate obligations enumerated in section 17. In many instances the interest on bankable promissory notes is deducted when the loan is made or the note discounted, and never comes into the hands of the borrower or debtor. We think rather that they fall within the class designated by the general language found in section 1, "loans secured by any other form of certificate or evidence of indebtedness," if they do not come under the express words "moneys owing by promissory notes." It will be observed that both sections use the term certificate of indebtedness. If taken literally the language of both might cover bankable promissory notes, but we find no intention in the act to impose a tax for county and state purposes on the same indebtedness. We must therefore determine which one was intended to cover corporate indebtedness evidence by promissory notes discounted or negotiated by a bank. For the considerations stated we are of the opinion that it was the legislative intention to tax such instruments or evidences of indebtedness not for state purposes but, by the first section of the act, for county purposes, except, of course, notes discounted or negotiated by an incorporated bank (Com. v. McKean County, 200 Pa. 383), which are exempted from the tax by the proviso thereof. Moreover, the implication from the proviso to section 1, excepting bank notes from its provisions is that promissory notes were intended to be covered by that section.

CONCLUSION.

We conclude:

1. That the defendant's loans represented by its promissory notes are not taxable for state purposes.

2. That the tax thereon is not required to be collected by the corporation, but is collectible through the local authorities.

3. That the settlement is without authority of law.

4. That the defendant is entitled to judgment.

Wherefore judgment is directed to be entered against the Commonwealth and in favor of the defendant unless exceptions be filed within the time limited by law.

Judgment was entered accordingly. The Commonwealth appealed.

*Errors assigned* were (1-4) overruling exceptions to findings, and (5) above judgment, quoting record.

*Wm. M. Hargest,* Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellant.

*H. Gordon McCouch,* of *Dickson, Beitler & McCouch,* for appellee.

*Ralph J. Baker,* of *Hause & Baker,* with him *Douglass D. Storey* and *L. B. Runk,* amicus curiæ, on behalf of Wm. Simpson Sons & Co.

PER CURIAM, June 26, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.