## Commonwealth v. Janesville Coal Company.

*Taxation—Corporations—Tax on loans—Promissory notes—Collection of tax—Act of June 17, 1913.*

1. Promissory notes issued by a corporation and held by individual residents of Pennsylvania were taxable prior to the Act of July 15, 1919, P. L. 955, under section 1 of the Act of June 17, 1913, P. L. 507, and not under section 17 thereof.

2. Taxes due on promissory notes under section 1 are collectible through local authorities and are not required to be collected by the corporation.

Appeal from settlement by the Commonwealth of tax on loans. C. P. Dauphin Co., Commonwealth Docket, 1920, No. 71.

*William I. Schaffer*, Attorney-General, and *Frank M. Hunter* and *George Ross Hull*, Deputy Attorneys-General, for plaintiff.

*Olmsted, Snyder & Miller*, for defendant.

HARGEST, P. J., Feb. 20, 1922.—This case arises upon an appeal from the settlement made by the Auditor General and State Treasurer of a tax on loans against the defendant company. A trial by jury was dispensed with, and the case heard by the court pursuant to the provisions of the Act of April 22, 1874, P. L. 109.

### Facts.

1. The Janesville Coal Company is a corporation of the State of Pennsylvania.

2. On June 14, 1918, it issued two notes for $10,000 each. During the portion of the year 1918 in which these notes were outstanding, they were both owned by individual residents of the State of Pennsylvania. On Sept. 27, 1918, $1500 was paid on each note in reduction of the principal indebtedness, and three months' interest was paid on said $3000; six and a-half months' interest was subsequently paid on $17,000 to the two individual residents of Pennsylvania owning the said notes.

1 D. & C.

3. The tax was settled upon $17,000 for the period of six and a-half months, and $3000 additional for the period of three months. It is admitted that the amount of tax charged is correct if any tax is due.

## Discussion.

The question raised in this case is whether the notes in question are taxable under section 1 of the Act of June 17, 1913, P. L. 507, or under section 17 of that act.

Section 1 enumerates the kind of personal property which is subject to taxation for city and county purposes, and among other obligations subjects to such taxation "all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, . . . all loans issued by any corporation, association, company or limited partnership created or formed under the laws of this Commonwealth. . . ."

Section 17 imposes a tax for State purposes "on all scrip, bonds or certificates of indebtedness issued by any and every private corporation."

In the cases of Com. *v.* Roxford Knitting Co., 22 Dauphin Co. Reps. 89, affirmed by the Supreme Court on the opinion of Judge Kunkel in 268 Pa. 266, and Com. *v.* Lehigh & New England R. R. Co., 22 Dauphin Co. Reps. 91, affirmed on the opinion of Judge Kunkel in 268 Pa. 271, it is held that a corporation is not taxable for State purposes on an indebtedness represented by promissory notes payable to a banking copartnership, or negotiated and discounted by private bankers under section 17 of the Act of 1913, because such obligations are taxable under section 1 of that act. The Commonwealth contends that, because the notes in question were held by individual residents and not by a banking copartnership or by private bankers, they are taxable under section 17, and that the cases above cited hold that such indebtedness is taxable under section 1 only when the obligations are held by banking copartnerships or individual bankers.

It is true that in the Roxford Knitting Company case the notes were held by Drexel & Company, a copartnership doing a banking business, and in the Lehigh & New England Railroad Company case the notes were discounted and negotiated by private bankers.

Judge Kunkel, in stating his reasons for holding promissory notes taxable under section 1, instead of section 17 of the Act of 1913, said: "In many instances the interest on bankable promissory notes is deducted when the loan is made or the note discounted, and never comes into the hands of the borrower or debtor." But we think a careful reading of these decisions shows that they were based upon the language of the two sections, and that the conclusion is irresistible that not only promissory notes held by private bankers or banking copartnerships are taxable under section 1, but all promissory notes owned in any way so as to subject them to taxation. Section 1 specifically mentions "promissory notes" as subject to taxation, while section 17 uses the words "scrip, bonds or certificates of indebtedness."

We are, therefore, of opinion that promissory notes issued by a corporation and held by individual residents of Pennsylvania were taxable prior to the Act of July 15, 1919, P. L. 955, under section 1 of the Act of June 17, 1913, P. L. 507, and not under section 17 thereof.

## Conclusion.

We conclude:

1. That the defendant's loans, represented by its promissory notes, are not taxable for State purposes.

2. That the tax thereon for the year 1918 is not required to be collected by the corporation, but is collectible through the local authorities.

3. That the settlement is without authority of law.

4. That the defendant is entitled to judgment.

Wherefore, judgment is hereby directed to be entered against the Commonwealth and in favor of the defendant, unless exceptions be filed within the time limited by law.

From William Jenkins Wilcox, Harrisburg, Pa.