Alison's Estate.

Argued April 8, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Howard Burtt,* for appellant.

*F. Gilman Spencer,* Special Deputy Attorney General, with him *E. Russell Shockley,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

*Abraham L. Shapiro,* with him *Abraham Wernick,* Assistant City Solicitors, and *Francis F. Burch,* City Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 6, 1940:

This is an appeal by the Fidelity-Philadelphia Trust Company, trustee under the will of Sophia Dixon Alison, from the decree of the Orphans' Court sustaining exceptions of the City and County of Philadelphia and the Commonwealth of Pennsylvania to an adjudication. The decedent, a resident of Philadelphia, died possessed of bonds of two foreign corporations, doing business in Pennsylvania, whose treasurers reside outside the State. Claims were presented at the audit of the executor's account by the City of Philadelphia, for a personal prop-

erty tax on bonds assessed under the provisions of the Act of June 17, 1913, P. L. 507, Sec. 1, and its supplements, 72 PS Sec. 4821, and by the Commonwealth of Pennsylvania, for a personal property tax assessed by virtue of the Act of June 22, 1935, P. L. 414, Sec. 3, as amended by the Act of July 17, 1936, P. L. 51, 72 PS Sec. 3244. The accountant contends that neither the County nor the Commonwealth has the right to collect the tax on the bonds. The auditing judge had dismissed the claims. The court in banc, one judge dissenting, sustained them.

The County's claim to the tax is based upon section 1 of the Act of 1913, which imposes a tax of four mills upon certain enumerated items of personal property for county purposes, among them being "all loans issued by any corporation created or formed under the laws of this Commonwealth or of the United States or any other state or government." It is accountant's position that no tax can be collected under section 1, because section 17 of the act (72 PS Sec. 2121) imposes a tax for State purposes at the rate of four mills on, inter alia, bonds of foreign corporations doing business in this Commonwealth and section 1 expressly excepts from the operation of its provisions "such loans as are made taxable for State purposes by section seventeen." The tax imposed by section 17 is to be collected by the treasurers of the various corporations and turned over to the Commonwealth. In this case, however, the treasurers of the corporations whose bonds are involved are nonresidents, and for this reason no tax can be collected under section 17 : *New York, Lake Erie & Western R. R. Co. v. Penna.,* 153 U. S. 628; *Com. v. Barrett Mfg. Co.,* 246 Pa. 301, 92 A. 302. Accountant argues that the tax is imposed by section 17 and the fact that it cannot legally be collected by the State is immaterial. This was not the intention of the legislature. A reading of the act demonstrates that the intention was that if the tax could be collected directly from the corporation, then it was

to be collected under section 17 for State purposes, whereas if, for any reason, the State could not legally enforce collection of the tax from the corporation, then the county was to have the right to assess a tax on the bonds in the hands of the resident owner under section 1. This is evident by reason of the amendment to section 17 enacted on July 15, 1919, P. L. 955, which reads: "It is the intent of this act that all scrip, bonds, certificates, and evidences of indebtedness made taxable under this section are not taxable under section one (1) of the act to which this is an amendment, and that only such scrip, bonds, certificates, and evidences of indebtedness which cannot be made taxable under this section are to be taxed under section one (1) of said act."

The mere fact that bonds of foreign corporations are listed among the obligations in section 17 does not ipso facto remove them from the application of section 1. Section 1 exempts only such obligations as are "made taxable" by section 17. In the case of the bonds here in question, no tax can be collected from the corporations, and such being the case the bonds cannot be considered as having been "made taxable." This phrase as used in the act means not only imposition of the tax but, in addition, the ability to enforce liability therefor.

To adopt accountant's view would mean that these bonds would go tax free and an unjust discrimination between the bonds of the various domestic and foreign corporations would result. Surely the legislature never so intended.

The Commonwealth's claim to the tax is based upon section 3 of the Acts of 1935 and 1936. These acts expressly provided that they were not to have any effect on the Act of 1913 and its amendments. Section 3 of these acts is substantially the same as section 1 of the 1913 Act. Section 19 of the Act of 1935 and section 18 of the Act of 1936 (72 PS Sec. 3250-10) are likewise substantially similar to section 17 of the Act of 1913. It, therefore, follows that these bonds are taxable for State pur-

198

poses under section 3 of the Acts of 1935 and 1936 for the same reasons that they are taxable for county purposes under section 1 of the Act of 1913.

Decree affirmed at appellant's cost.