Fidelity-Philadelphia Trust Company Tax Case

356

Argued April 15, 1946.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. Keitel,* Deputy Attorney General, with him *Edward S. Lower,* Special Deputy Attorney General and *James H. Duff,* Attorney General, for Commonwealth, appellant.

*Thomas B. K. Ringe,* with him *J. Wesley Oler, Raymond E. Doyle, Frederick H. Spotts, Pepper, Bodine & Stokes,* and *Morgan, Lewis & Bockius,* for appellee.

*Abraham Wernick,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for City of Philadelphia, amicus curiæ.

*Marjorie Hanson Matson,* Assistant County Solicitor, with her *Nathaniel K. Beck,* County Solicitor, for County of Allegheny, amicus curiæ.

*William C. Purnell,* with him *Montgomery, McCracken, Walker & Rhoads* and *Eugene S. Williams,* for Western Maryland Railway Company, amicus curiæ.

*Francis H. Bohlen, Jr.,* with him *Joseph A. Lamorelle* and *Saul, Ewing, Remick & Saul,* for the Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Sundry Trusts, amicus curiæ.

*H. Ober Hess* and *Ballard, Spahr, Andrews & Ingersoll,* for Girard Trust Company, Trustee for Sundry Trusts, amicus curiæ.

*Owen Biddle* and *Townsend, Elliott & Munson,* for Provident Trust Company of Philadelphia, Trustee for Sundry Trusts, amicus curiæ.

358

OPINION BY MR. JUSTICE HORACE STERN, May 27, 1946:

The question is: Are the bonds issued by a foreign railroad corporation which thereafter became a component part of an interstate consolidated railroad company pursuant to a consolidation agreement filed in Pennsylvania and in other states, subject to the state personal property tax in the hands of residents of Pennsylvania, if the consolidated company assumed the obligation to pay the interest on such bonds but its treasurer is not a resident of this State?

The appeal in the court below was from the assessment of such a tax for the year 1939 imposed upon the Fidelity-Philadelphia Trust Company as trustee, guardian or executor for sundry trusts, wards or estates holding bonds of the Western Maryland Railroad Company, the New York Central Railroad Company, the New York, Chicago and St. Louis Railroad Company, and the Delaware, Lackawanna & Western Railroad Company. The first three of these railroads are companies created, as far as Pennsylvania is concerned, by a consolidation under the Act of March 24, 1865, P. L. 49, and each of them assumed liability on bonds which had been issued by a component company incorporated under the laws of a state other than Pennsylvania.[1] None of the four has a treasurer who maintains his office in this Commonwealth, nor is the interest on their bonds paid from any office in this State. The court sustained the appeal and struck off the assessment; from that action the Commonwealth now appeals to this court. The City of Philadelphia, the County of Allegheny, the Western Maryland Railroad Company, and several trust companies in Philadelphia, have filed briefs as amici curiæ.

---

[1] The Delaware, Lackawanna & Western Railroad Company was formed by the merger of one railroad company into another and was incorporated under a special act of March 11, 1853, P. L. 163. It subsequently leased the lines of a New York railroad corporation and assumed payment of that company's bonds.

Our first inquiry must be directed to the domiciliary status of a company formed by the consolidation of railroad companies incorporated under the laws of Pennsylvania and of other states. The Act of March 24, 1865, P. L. 49, section 3, provides that upon such consolidation the several corporations, parties thereto, shall be deemed and taken to be one corporation, possessing within this Commonwealth all the rights, privileges and franchises, and subject to all the restrictions, disabilities and duties, of each of the corporations so consolidated. Many perplexing questions have arisen as to the legal nature of such a consolidated corporation and its status in each of the states where one of its component parts had been incorporated; the views taken by the various jurisdictions in regard to such problems are far from harmonious. The prevailing doctrine, however, is that a corporation organized by consolidation of corporations incorporated under the laws of several states is to be viewed as a domestic corporation in each of the states which authorized its existence and is subject to the laws of such state so far as its powers and liabilities therein are concerned; (see cases cited in 51 C. J. 784, 785, §566, notes 4 and 5; in 44 Am. Jur. 548, §324, note 15; and in Fletcher, Cyc. Corp., Vol. 15, p. 292, ch. 61, §7189, note 66).

The present assessment of tax on the Fidelity-Philadelphia Trust Company, as fiduciary, was made in pursuance of the Act of June 22, 1935, P. L. 414, as reenacted and amended by the Act of May 18, 1937, P. L. 633. By section 3 of the latter Act all personal property of the classes therein enumerated, including all loans issued by any corporation created under the laws of this Commonwealth or of any other state, owned, held or possessed by any resident, except such loans as are made taxable for state purposes by section 17 of the Act, are made taxable, annually, for state purposes, at the rate of four mills on each dollar of the value thereof. By section 17 all bonds issued, assumed or on which interest

is paid by any corporation incorporated under the laws of this Commonwealth, or the laws of any other state and doing business in this Commonwealth and having a resident corporate treasurer therein, are made taxable for state purposes at the rate of eight mills on each dollar of the nominal value thereof. The Act thus maintained the differentiation, established by the Act of June 17, 1913, P. L. 507,[2] between the personal property tax and the corporate loans tax; the former is payable by the holder of the bond, annually, and is based upon the value of the bond, whereas the latter is retained by the corporation when making payments of interest on the bond and is based upon its face amount or nominal value. Neither is imposed upon the corporate obligor but both upon the holder of the bond, the corporation being merely the collector of the tax on the corporate loan: *Commonwealth v. Lehigh Valley R. R. Co.*, 104 Pa. 89, 99; *Commonwealth v. Lehigh Valley R. R. Co.*, 186 Pa. 235, 246, 40 A. 491, 492; *Commonwealth ex rel. Baldrige v. Sun Oil Co.*, 294 Pa. 99, 102, 143 A. 495, 496. The personal property tax and the corporate loans tax are mutually exclusive; if the bond is one on which a corporate loans tax must be deducted from the interest and paid by the corporation the holder of the bond need not pay thereon any personal property tax; if, on the other hand, the bond is one on which the corporation is not required to collect and pay the corporate loans tax it is subject to the personal property tax in the hands of the owner; *Alison's Estate*, 338 Pa. 194, 12 A. 2d 920. The Act of 1937 thus provides in effect for two classes of corporate obligations,—those subject in the hands of the owners to the state personal property tax, consisting of such

---

[2] The county personal property tax is still imposed under the Act of June 17, 1913, P. L. 507, as amended. The state personal property tax has been abolished. The present corporate loans tax is imposed under the Act of June 22, 1935, P. L. 414, as re-enacted and amended by the Act of May 18, 1937, P. L. 633, and subsequent amendments.

corporate loans as are not made taxable for state purposes under section 17, and those subject to the corporate loans tax, consisting of (1) bonds of domestic corporations and (2) bonds of foreign corporations doing business in this Commonwealth and having a resident corporate treasurer therein. When the history of this tax legislation is studied the scheme which it establishes is readily comprehended. It aims to have a tax collected on every bond owned, held or possessed by a resident of Pennsylvania, but the obligation to accomplish that collection is placed, whenever constitutionally permissible, upon the corporation itself, for obviously it is more desirable to collect the tax in one lump sum from the corporation issuing the bonds or assuming payment of the interest thereon than from a multitude of individual and frequently unknown owners. The Supreme Court of the United States decided, however, in *New York, Lake Erie and Western R. R. Co. v. Pennsylvania,* 153 U. S. 628, and *Delaware & Hudson Canal Co. v. Pennsylvania,* 156 U. S. 200, that Pennsylvania could not impose the duty of assessing and collecting a tax on bonds held by residents of Pennsylvania upon foreign corporations making payments of interest from an office maintained in another state; it was held that Pennsylvania has no jurisdiction over a foreign corporation, even if doing business in this Commonwealth, so far as its activities in another state are concerned. Although this ruling was recognized as controlling and was therefore followed by this court in *Commonwealth v. Barrett Manufacturing Co.,* 246 Pa. 301, 92 A. 302, it may be said parenthetically that those decisions of the United States Supreme Court have been greatly weakened, if not wholly overridden, by subsequent cases in that court, notably *Travis v. Yale & Towne Manufacturing Co.,* 252 U. S. 60; *Monamotor Oil Co. v. Johnson,* 292 U. S. 86; *Felt & Tarrant Manufacturing Co. v. Gallagher,* 306 U. S. 62; *McGoldrick v. Berwind-White Coal Mining Co.,* 309 U. S. 33; *Nelson v. Sears, Roebuck & Co.,* 312 U. S.

359; and *International Harvester Co. v. Wisconsin Department of Taxation,* 322 U. S. 435; in each of those cases statutes were upheld under which a duty of collecting taxes would fall upon non-resident officials of foreign corporations. However, the Pennsylvania legislature, apparently with the earlier cases in mind, chose to provide in section 17 of the Act of 1937 that the corporate loans tax, while applicable to all domestic corporations, should be applicable only to such foreign corporations as had a treasurer resident in this State.

The present controversy involves bonds issued or assumed by domestic corporations whose treasurers are not resident in Pennsylvania. The question arises by reason of the fact that while, as just stated, section 17 of the Act of 1937 imposes the corporate loans tax upon all domestic corporations, section 18 provides that it shall be the duty of the *resident* treasurer of each corporation incorporated under the laws of this Commonwealth or the laws of any other state, and doing business in this Commonwealth, to assess the corporate loans tax imposed for state purposes by section 17 of the Act and to deduct the tax imposed by that section on the payment of any interest and return it to the State Treasury. It is the contention of the railroad corporations, therefore, that the duty in regard to the collection of the corporate loans tax is thus imposed only upon treasurers resident in Pennsylvania, that, as they have no such resident treasurer, there is no obligation on their part to deduct and pay the corporate loans tax, and that consequently their bonds, although apparently embraced in the class enumerated in section 17, must be relegated to section 3 as subject to the personal property tax in the hands of the individual owners. While it must be admitted that that contention would gain support if the phraseology of section 18 were to be given a wholly literal interpretation, its persuasive force fails when resort is had to an analysis of the successive tax statutes and the construction placed upon them by this court, for

it then clearly appears that the use of the word "resident" in section 18 was not intended to transfer the bonds of domestic corporations whose fiscal officers happen to exercise their functions in states other than Pennsylvania from the class which, under section 17, are subject to the corporate loans tax to the class which, under section 3, are subject to the personal property tax. That Pennsylvania has the constitutional *right* to impose on non-resident treasurers the duty of deducting the tax due by residents of Pennsylvania would seem to be beyond question, for to say that a domestic corporation, existing as it does only by the authority given it by the State, can, by the simple expedient of having its treasurer maintain his office outside the State, escape what is essentially nothing more than an administrative duty imposed upon it by the laws of the State, would be to propound an obviously untenable proposition. Even if, therefore, the *New York, Lake Erie & Western R. R. Co., Delaware & Hudson Canal Co.*, and *Barrett Manufacturing Co.* cases are still to be recognized as authorities in regard to the power of Pennsylvania over *foreign* corporations maintaining offices outside the State, there can be no question but that the duty imposed by the Act of 1937 upon treasurers to deduct the corporate loans tax may be made applicable to the treasurers of *domestic* corporations whether resident within or without the State. Nor is there any doubt but that the legislature has consistently shown its intention of exercising such power, for the legislation all indicates that the corporate loans tax is to have the broadest possible scope, and that, wherever it can legally be imposed, it is to be given preference to the personal property tax. The Act of 1937, section 17, like the Act of July 15, 1919, P. L. 955, expressly provides that only such bonds as *cannot* be made subject to the corporate loans tax under that section shall be taxed under the personal property tax imposed by section 3; (see *Alison's Estate*, 338 Pa. 194, 196, 197, 12 A. 2d 920, 921, 922).

It is to be borne in mind that the duty of collecting the corporate loans tax is not placed by the statutes upon the treasurer in his individual but only in his official capacity as an officer of the corporation (*Commonwealth ex rel. Baldrige v. Sun Oil Co.*, 294 Pa. 99, 106, 143 A. 495, 497). It is upon the corporate entity that the obligation rests, and the reference to a treasurer in the Act of 1937, as in the various preceding acts, is merely incidental and directory. In the Act of April 30, 1864, P. L. 218, section 3, the duty of retaining the tax upon payment of the interest was imposed upon "every president, treasurer, cashier, or other officer" of the corporation. In the Acts of June 7, 1879, P. L. 112, section 17, and June 10, 1881, P. L. 99, section 2, that duty was placed upon the *corporation*. By the Act of June 30, 1885, P. L. 193, section 4, the *treasurer* was given the duty of assessing and deducting the tax upon payment of interest on the bonds. The Act of June 1, 1889, P. L. 420, section 2, speaks of the corporate loans tax required to be paid into the state treasury by the *corporation*. In the Act of July 15, 1919, P. L. 954, the duty to deduct the tax from interest due and payable for prior years was to be that of the treasurer or *other* fiscal officer of the corporation. While the Act of July 21, 1919, P. L. 1067, provided that it should be the duty of the *treasurer* of the corporation to assess and deduct the tax, it further stated that "in the event of the neglect or refusal of the *officers* of any such corporation" to report the amount of the corporate indebtedness owned by residents of this Commonwealth it should be the duty of the Auditor General and State Treasurer to estimate a valuation of the indebtedness of "such defaulting *corporation*" and to settle an account for taxes thereon. In the Act of May 18, 1937, P. L. 633, section 18, for the first time the qualifying adjective "resident" was applied to the word "treasurer", but it is significant that when, in that same session of the legislature, section 708 of the Fiscal Code of April 9, 1929, P. L. 343, was amended

by the Act of February 2, 1937, P. L. 3, it imposed the duty of collection of the tax upon the treasurer of the corporation without providing any limitation as to his residence. It is important also to note that section 17 of the Act of 1937 speaks of the *corporation,* under certain prescribed conditions, being relieved of the duty of deducting and paying the tax for a certain part of the year; this provision followed a similar one in the Act of July 13, 1923, P. L. 1085. Thus from the general purport of all this legislation, it is clear that it was the *corporation* which was regarded as the agent obligated to report to the Commonwealth its bonded indebtedness and to deduct the corporate loans tax in making payments of interest thereon, and that the provision as to the particular officer who should attend to the duty thus imposed was merely casual and not intended to absolve the corporation whose bonds were subject to the corporate loans tax from the duty of withholding the interest and paying it into the treasury of the State. This is borne out, too, by an extremely long line of judicial decisions, for it has been uniformly held that where the particular designated official fails to perform the prescribed duty the corporation must perform it by one of its other officers or agents acting on its behalf: *Commonwealth v. Delaware Division Canal Co.,* 123 Pa. 594, 618, 16 A. 584, 587; *Commonwealth v. Lehigh Valley R.R. Co.,* 129 Pa. 429, 449, 450, 18 A. 406, 408; *Commonwealth v. Philadelphia & Reading Coal & Iron Co.,* 137 Pa. 481, 493, 20 A. 580; *Commonwealth v. Pennsylvania Salt Manufacturing Co.,* 145 Pa. 53, 55, 22 A. 215, 216; *Commonwealth v. Delaware & Hudson Canal Co.,* 150 Pa. 245, 248, 249, 24 A. 599, 601; *Commonwealth v. Wilkes-Barre & Scranton Rwy. Co.,* 162 Pa. 614, 621, 623, 29 A. 696, 698, 699; *Commonwealth v. People's Passenger Rwy. Co.,* 183 Pa. 353, 354, 38 A. 1091, 1092; *Commonwealth v. Lehigh Valley R.R. Co.,* 186 Pa. 235, 239, 240, 40 A. 491, 492; *Commonwealth v. Lehigh Valley R. R. Co.,* 244 Pa. 241, 244, 90 A. 564, 565; *Commonwealth v.*

*Roxford Knitting Co.*, 268 Pa. 266, 268, 110 A. 720, 721; *Commonwealth v. Lehigh & New England R.R. Co.*, 268 Pa. 271, 274, 110 A. 725; *Commonwealth, ex rel. Baldrige v. Sun Oil Co.*, 294 Pa. 99, 102, 143 A. 495, 496; *Commonwealth v. Harrisburg*, 335 Pa. 202, 206, 6 A. 2d 863, 865.

Because of the views thus expressed it becomes unnecessary to determine whether the court below was right in speculating that the use of the word "resident" as applied to "treasurer" in section 18 of the Act of 1937 was a mere inadvertence on the part of the legislature or that the word was used because of a natural assumption that domestic corporations would always have some office in the State where their fiscal functions would be performed. What is perfectly clear is this,—that, under section 17 of the Act, the bonds of a foreign corporation whose treasurer is a non-resident are not subject to the corporate loans tax but the bonds of all domestic corporations are so subject. It is further clear that in section 18, which provides for the collection of the tax and designates the "resident treasurer" of the corporation as the official to perform that duty, such designation is merely incidental and directory, and if, as here, the bonds are, under section 17, of the class subject to the corporate loans tax, it is ultimately the obligation of the corporation issuing them, or having assumed liability thereon, to retain the tax from the interest and pay it into the treasury of the State. Therefore, if the treasurer fails in that duty, or if there is no resident treasurer to perform it, the duty still remains as far as the corporation is concerned and the corporation must perform it through some other agent or official whether resident or non-resident. The result is that the bonds here in question are not subject under section 3 of the Act of 1937 to the state personal property tax in the hands of the Fidelity-Philadelphia Trust Co., fiduciary, as owner, holder, or possessor.

Decree affirmed; costs to be paid by appellant.