Commonwealth *v.* New York, Chicago & St. Louis Railroad Co., Appellant.

Argued April 15, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson and Jones, JJ.

*John Y. Scott,* with him *Robert M. Fisher,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *B. B. Bastian,* Deputy Attorney General and *James H. Duff,* Attorney General, for Commonwealth, appellee.

*Thomas B. K. Ringe,* with him *J. Wesley Oler, Raymond E. Doyle, William H. Neely, Frederick H. Spotts, Pepper, Bodine & Stokes* and *Morgan, Lewis & Bockius,* for Fidelity-Philadelphia Trust Co., Trustee for Sundry Trusts, amicus curiae.

*Owen Biddle* and *Townsend, Elliott & Munson,* for Provident Trust Company of Phila., Trustee for Sundry Trusts, amicus curiæ.

*H. Ober Hess* and *Ballard, Spahr, Andrews & Ingersoll,* for Girard Trust Company, Trustee for Sundry Trusts, amicus curiæ.

*Francis H. Bohlen, Jr., Joseph A. Lamorelle* and *Saul, Ewing, Remick & Harrison,* for The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Sundry Trusts, amicus curiæ.

OPINION BY MR. JUSTICE HORACE STERN, May 27, 1946:

The questions involved in these cases have been considered at length in *Fidelity-Philadelphia Trust Company Tax Case,* 354 Pa. 355, 42 A. 2d 267. The New York, Chicago & St. Louis Railroad Company appeals from assessments of the corporate loans tax imposed upon it for the years 1937 and 1941. This company is the offspring of three successive consolidations:—the first between the New York, Chicago and St. Louis Railroad Company (a New York corporation) and a Pennsylva-

nia corporation, the second between the consolidated New York, Chicago & St. Louis Railroad Company, an Ohio corporation and an Indiana corporation; the third between the twice previously consolidated New York, Chicago & St. Louis Railroad Company, two Illinois and two Indiana corporations. Some of the bonds here in question were issued by the present corporation, others by either the first or the second consolidated company. The corporation does not have any fiscal officer resident within this Commonwealth and the interest on the bonds is paid from an office outside the State.

For the reasons stated in the *Fidelity-Philadelphia Trust Company* case we are of opinion that appellant is to be regarded as a domestic corporation and that therefore its liability for the corporate loans tax is not affected by the fact that it does not have a treasurer resident within the Commonwealth.

Some of appellant's bonds are held by Pennsylvania savings institutions having no capital stock, but they contain covenants that the interest will be paid without any deduction for taxes. The Act of May 18, 1937, P. L. 633, section 3, while providing that the personal property tax is not applicable to such savings institutions, further provides that if a corporation has agreed to issue its bonds free from the tax it is not relieved from paying the tax on its bonds held or owned by such an institution,—a provision which harks back to the Act of May 1, 1909, P. L. 298. Appellant contends that this constitutes an unconstitutional discrimination between bonds containing and those not containing a tax-free covenant, but provisions of this type were considered and upheld in *Commonwealth v. Lehigh Valley R. R. Co.*, 244 Pa. 241, 90 A. 564, and *Commonwealth v. Pittsburgh School District*, 343 Pa. 394, 23 A. 2d 496.

Judgment affirmed.