638

## Commonwealth v. Circular Realty Co.

*George W. Keitel,* Deputy Attorney General, *Herbert B. Cohen,* Attorney General, for Commonwealth.

*Wolf, Block, Schorr & Solis-Cohen* and *Compton, Handler & Berman,* for defendant.

RICHARDS, P. J., March 29, 1956.—The corporate loans tax of defendant for the fiscal year ending August 31, 1944, was resettled in the amount of $6,-464.46. The board of finance and revenue refused to review the resettlement. This appeal followed. The case was tried by the court without a jury pursuant to stipulation filed.

Counsel for the parties have entered into a stipulation of facts which is part of the record. This is a voluminous document, too long to include in this opinion. It does not show in detail how the controversy arose. While the Commonwealth has objected to the relevancy of parts of paragraph 12, and to all of paragraph 13, we have decided to admit them into evidence in order to show the entire picture. We therefore

find as facts the first 23 paragraphs of the stipulation and incorporate them herein by way of reference.

In addition, we summarize the facts as follows:

The obligations involved in these proceedings are the mortgage bonds of James J. Clifford, secured by a trust indenture executed by him on August 29, 1920, covering premises known as the Circle Theatre, Philadelphia. Defendant acquired title to the Circle Theatre property from Mercantile & Theatre Properties, Inc., subject to said mortgage indenture, by deed dated April 26, 1943, which deed contained a specific covenant that defendant by the acceptance of the deed was not thereby assuming any liability, either as indemnitor or otherwise, for the mortgage or interest thereon; and that it was expressly relieved therefrom. Nevertheless, defendant, during the tax year in question, did pay interest on the bonds in the amount of $93,960. This interest was included by the Commonwealth in computing the tax of defendant.

Defendant was advised by counsel that because the obligations represented by the bonds and mortgage indenture were not its obligations, and because it was not liable for the interest thereon, it was not required to withhold corporate loans tax from payment of interest. Consequently, it did not withhold the tax but instead advised the bondholders to include the bonds in personal property tax returns to the counties, and that the personal property tax on said bonds would be refunded to the holders. Subsequently, the personal property tax was refunded to such bondholders who furnished proof of payment.

Defendant's corporate loans tax report for the year in question indicated no tax due because it had not assumed liability for payment of the interest. The taxing officials held that the tax was due and resettled the tax accordingly.

*Discussion*

The act here involved is the State Personal Property Tax Act of June 22, 1935, P. L. 414, as reenacted and amended by the Act of July 11, 1941, P. L. 361. The relevant sections of the act are sections 17 and 18, 72 PS §250-10, 11a. They read in part as follows:

"Section 17. State Tax on Scrip, Bonds, Et. Cetera; Imposition and Rate of Tax.—

"All scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid by any and every private corporation . . . are hereby made taxable for State purposes . . .

"Section 18 Reports and Payment of the State Tax by Private Corporations . . .

"(a) It shall be the duty of the resident treasurer of each private corporation . . . upon the payment of any interest upon any scrip, bond, certificate or evidence of indebtedness issued or assumed by such corporation, . . . or upon which it is liable for the payment of the interest to residents of this Commonwealth and held by them, to assess the tax imposed for State purposes by the seventeenth section of this act . . ."

We do not see how it can be seriously contended that section 17 does not impose a tax for State purposes on interest paid by a private corporation. The words are clear and precise. The tax is imposed on scrip, bonds, certificates and evidence of indebtedness (1) issued, (2) assumed or (3) on which interest is paid. Here the interest was admittedly paid. Hence, a State tax is imposed on the payment for State purposes. It has been so held in Commonwealth v. Megargee Bros., Inc., 275 Pa. 12, 16; Commonwealth v. Imperial Woolen Co., 290 Pa. 526, 529; and Commonwealth v. Harrisburg, 335 Pa. 202, 204.

We shall turn now to section 18. This clearly makes it the duty of private corporations to withhold the tax on payments of interest when the obligation is (1) issued, (2) assumed or (3) upon which it is liable. The words *"or on which interest shall be paid"* are missing. The Commonwealth argues that defendant is liable for the payment of interest on the bonds because the mortgage indenture provides that "any corporation which may become the owner of said mortgaged premises shall pay both principal and interest of said bonds". We are not prepared to accede to this proposition. We do not see how defendant can be bound by an instrument to which it was not a party and particularly when the deed to it covenanted that there would be no liability as indemnitor or otherwise. However, should we be wrong about this, the result would be the same as that we have reached so far as taxability is concerned.

It is our opinion that section 18 makes it the duty of defendant "to assess the tax imposed for State purposes by seventeenth section of the act", regardless of rules of syntax. Section 17 makes the payment of interest taxable for State purposes, and the absence of the phrase "on which interest shall be paid" in section 18 makes no difference in the obligation of defendant to assess and collect the tax. A somewhat similar proposition came up in Fidelity-Philadelphia Trust Co. Tax Case, 354 Pa. 355, 362, 363, 366. Here the domestic corporation had no "resident" treasurer who had the duty under the statute to assess the tax. It was held that, notwithstanding, the duty was on the corporation to assess the tax. As long ago as 1889 it was held that the duty to collect was fundamentally on the corporation and that when it failed to collect, the tax was properly settled against it: Commonwealth v. Delaware Division Canal Co., 123 Pa. 594, at page 618.

*Conclusions of Law*

1. Section 17, supra, imposes a tax for State purposes upon the interest paid by defendant.

2. It was the duty of defendant under section 18 of the act to assess and collect the tax.

3. The tax was properly settled in the amount of $6,464.46.

4. The tax has been paid.

5. An Attorney General's commission of $323.22 is due and payable.

*Order*

And now, to wit, March 29, 1956, the appeal is dismissed. Judgment is entered in favor of the Commonwealth and against defendant for tax of $6,464.46, plus Attorney General's commission of $323.22, which judgment shall be marked satisfied upon payment of the Attorney General's commission and costs, unless exceptions hereto be filed within 10 days hereof. The prothonotary shall notify the parties hereto or their counsel of this decree forthwith.

*Opinion sur Exceptions*

RICHARDS, P. J., June 21, 1956.—Defendant filed five exceptions to the conclusions of law and decree nisi of this court contained in our opinion dated March 29, 1956. At the argument no new developments occurred persuading us of any error, except that we revise the first conclusion of law to read as follows:

1. Section 17, supra, imposes a tax for State purposes upon the mortgage bonds of James J. Clifford on which interest was paid by defendant.

All other exceptions should be dismissed.

*Final Decree*

And now, to wit, June 21, 1956, conclusion of law no. 1 is revised as above stated, and each of the other exceptions is dismissed.

Judgment shall be entered in favor of the Commonwealth and against defendant for tax in the amount of $6,464.46 plus an Attorney General's commission of $323.22. The tax having been paid the judgment shall be marked satisfied upon payment by defendant of the Attorney General's commission and costs.

The prothonotary shall notify the parties or their counsel of this decree forthwith.