## DELAWARE AND HUDSON CANAL COMPANY *v.* PENNSYLVANIA.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 452. Submitted January 7, 1895. — Decided January 14, 1895.

Reversed upon the authority of *New York, Lake Erie & Western Railroad Co.* v. *Pennsylvania,* 153 U. S. 628.

THE Delaware and Hudson Canal Company was held liable in the trial court, whose judgment was affirmed by the Supreme Court of Pennsylvania, for the amount of a tax of three mills upon bonds originally issued and sold by the company in the State of New York, but held in the year 1890 by residents of Pennsylvania. The tax was imposed upon the bondholders. The liability of the company was maintained because of the failure of its treasurer, when paying interest in the city of New York, to deduct therefrom the amount of the tax and pay the same into the state treasury of Pennsylvania. The company, which is a corporation of the State of New York, constructed a portion of its improvements within the limits of

Pennsylvania, in pursuance of certain statutes of that State defining the terms and conditions upon which they might be so constructed. In its original appeal and in its assignment of errors the company denied the authority of the State of Pennsylvania to impose upon it or its treasurer, when paying interest in New York, the duty of assessing and collecting this Pennsylvania state tax, and further urged that the imposition upon it of this duty as a further condition to its doing business in Pennsylvania worked an impairment of the obligation of the contract contained in the original legislation, in pursuance of which it entered the State and constructed its works.

*Mr. M. E. Olmsted* for plaintiff in error.

*Mr. W. U. Hensel,* Attorney General of the State of Pennsylvania, and *Mr. James A. Stranahan* for defendant in error.

The assignments of error raise substantially the same questions as were presented to this court in *New York, Lake Erie & Western Railroad* v. *Pennsylvania,* 153 U. S. 628. By reference to the record, it will appear that in the trial court and in the Supreme Court of Pennsylvania the two cases were considered identical in principle. It is conceded by the Commonwealth that there is no substantial distinction between them. The Erie case was thoroughly and fully discussed upon either side, and the Commonwealth of Pennsylvania, having nothing further to add to its views as then presented, respectfully submits the case at bar for such action as to this honorable court may seem proper.

THE CHIEF JUSTICE : Judgment reversed with costs upon the authority of *New York, Lake Erie & Western Railroad* v. *Pennsylvania,* 153 U. S. 628, and cause remanded for further proceedings consistent with the opinion in that case.

*Reversed.*