# Commonwealth, Appellant, v. Barrett Manufacturing Company.

*Taxation—Corporate loans—Act of June 30, 1885, P. L. 193—Extra-territoriality—Nonresident treasurers.*

1. The fourth section of the Act of June 30, 1885, P. L. 193, imposing upon the treasurers of private corporations doing business in Pennsylvania the duty of assessing the tax therein imposed upon the nominal value of the corporate loans of such corporations and providing that "it shall be his further duty to deduct" the tax in paying the interest and return the same to the state treasurer, has no extra-territorial effect upon corporate officers residing out of the State to constrain them to assess the tax any more than it can compel them to collect it, and since treasurers are specifically named in the act to perform these duties, they can not be transferred to a corporation of this State designated as the agent for the payment of the interest on bonds.

2. A corporation incorporated under the laws of West Virginia and engaged in business in Pennsylvania, issued unsecured debenture bonds the interest thereon being payable at the office of a trust company in Pennsylvania. The principal office of the corporation was located in New York, where the treasurer of the company continuously had maintained his office and treasurer's bank account. It was the treasurer's practice, a week or ten days prior to any interest period, to remit to the trust company sufficient money to pay the maturing coupons which were paid by

302    COM., Appellant, *v.* BARRETT MFG. CO.

such trust company and returned to the treasurer in New York for cancellation. The Commonwealth sought to recover the tax imposed upon corporate loans by the Act of June 30, 1885, P. L. 193, and contended that it was the duty of the trust company to assess and deduct such tax. The lower court decided that as every act of the defendant in connection with the payment of the coupons was performed by the treasurer in the state of New York, the Act of 1885 did not operate upon defendant to require the assessment and deduction of the tax by defendant's officers or agents, and entered judgment for the defendant. *Held,* that under the construction placed upon the Act of 1885 by the Supreme Court of the United States, the act had no extra-territorial effect; that the treasurer was the person charged with the duty of making the assessment and since being a nonresident, he could not be compelled to perform this prerequisite to the collection of the tax, the trust company could not be ordered to deduct a tax which had never been assessed, and the judgment was affirmed. New York, Lake Erie and Western Railroad Company v. Pennsylvania, 153 U. S. 628; Delaware and Hudson Canal Company v. Pennsylvania, 156 U. S. 200; Commonwealth v. Lehigh Valley Railroad Company, 186 Pa. 235, followed.

Argued May 5, 1914. Appeal, No. 1, May T., 1914, by plaintiff, from judgment of C. P., Luzerne Co., Commonwealth Docket, 1910, No. 487, from judgment for defendant in case of Commonwealth of Pennsylvania v. Barrett Manufacturing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Appeal from the settlement of tax on loans made by the auditor general and the state treasurer. Before KUNKEL, J.

The opinion of the Supreme Court states the facts.

By agreement, the case was tried without a jury. The court entered judgment for the defendant. The plaintiff · appealed.

*Error assigned* was the judgment of the court.

*William M. Hargest,* Second Deputy Attorney Gen-

eral, with him *John C. Bell,* Attorney General, for appellant.—The corporation having performed the corporate act of paying the interest in the State, is liable for the tax: Liverpool Insurance Company v. Orleans Assessors, 221 U. S. 346; Commonwealth v. Welsbach Co., No. 210 (Dauphin County) C. D. 1912.

The Act of June 30, 1885, P. L. 193, is constitutional: Bell's Gap Railroad Company v. Pennsylvania, 134 U. S. 232; Commonwealth v. Delaware Division Canal Co., 123 Pa. 594; Commonwealth v. Lehigh Valley Railroad Company, 129 Pa. 429.

The corporation having appointed an agent in the State to pay the interest on its bonds is in the same position as if the treasurer personally came into the State for that purpose: Commonwealth v. New York, Lake Erie & Western R. R. Co., 129 Pa. 463.

The corporation having issued the bonds "free of tax" and having made it impossible for the treasurer to act as collector for the Commonwealth, can not avail itself of a defense available only to a nonresident collector.

*M. Hampton Todd,* for appellee.—The cases of N. Y., L. E. & W. R. R. Company v. Pennsylvania, 153 U. S. 628, and Del. & Hud. Canal Company v. Pennsylvania, 156 U. S. 300, rule this case in favor of the defendant.

Under the Act of June 30, 1885, P. L. 193, a tax is not assessed against the defendant: Commonwealth v. Lehigh Valley Railroad Company, 186 Pa. 235; Commonwealth v. Lehigh Valley, 104 Pa. 89; Commonwealth v. Del. Div. Canal Co., 123 Pa. 594; Commonwealth v. Lehigh Valley Railroad Co., 129 Pa. 429.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1914:

The court below decided that the defendant corporation was not obliged to collect the State tax due by resident holders of its coupon bonds; the Commonwealth has appealed.

By agreement, the case was tried without a jury. The

adjudication states: "These are appeals from the settlement of accounts against the defendant company for the loans tax for the years 1899 to 1909, both inclusive; they have been consolidated;......and......the facts ......may be briefly stated as follows: The defendant company was incorporated under the laws of West Virginia and was engaged in business in this State during the years covered by these settlements. On April 1, 1899, it issued......debenture bonds, making them payable at the Land Title & Trust Company, in the City of Philadelphia, with interest......payable October 1st and April 1st in each year, free of tax......The principal office of the defendant company, outside of West Virginia, was until June, 1903, in the City of Philadelphia; since then it has been, and is now, in the City of New York. The office of the treasurer of the company has been continuously in the latter city since its incorporation in 1896, and the treasurer's bank account since that time has been continuously in......New York. The Land Title & Trust Company does not hold any property......belonging to the defendant as collateral security for the payment of the bonds or interest thereon. Since the indebtedness has been created and the bonds have been issued, it has been the practice of its treasurer, a week or ten days prior to any interest period, to remit from the company's bank account in New York to the Land Title and Trust Company in Philadelphia a sufficient sum of money to pay the then maturing interest on the bonds. The coupons representing the interest, upon presentation and surrender, in accordance with the terms thereof, were paid to the holders by The Land Title and Trust Co., which thereupon returned them so paid for cancellation to the office of the treasurer of the defendant company in the City of New York."

On this state of facts, the court below determined that the case of N. Y., L. E. & W. R. R. Co. v. Penna., 153 U. S. 628, and Del. & Hud. Canal Co. v. Penna., 156 U. S.

200, governed; and that in the case at bar, since the corporation treasurer did not reside in the State of Pennsylvania, and "every act he personally did in connection with the payment of the interest was performed in the State of New York, and not within the limits of this State," the Act of June 30, 1885, P. L. 193, "did not operate" upon the defendant company; adding, "The fact that he (the treasurer) sent the money from New York to the Land Title & Trust Company, where the interest is paid to the holders of the bonds, we are not prepared to say brought him within the operation of the statute."

We have studied these two United States authorities with care, and while they both involve the question of the impairment of contracts existing between the Commonwealth and the respective defendants, yet, independently of this, in each of them, the conclusion is placed upon the ground that section 4 of the Act of 1885, supra, could, under no circumstances, have extraterritorial operation. There, as here, the respective defendants had property and were doing business in Pennsylvania; but in each instance the treasurer was a nonresident, and the money with which the interest on the bonds was paid was kept on deposit out of the State. The only difference in this respect between those cases and the present one, is that in the former the payments of interest were made in New York, directly by the company to the actual bondholders, while here the treasurer sent the money from New York to The Land Title and Trust Co., in Philadelphia, which corporation is expressly designated on the coupons to make payment thereof. We agree with the court below that this arrangement did not bring the defendant company within the operation of the statute.

The fourth section of the Act of 1885, supra, provides, "That hereafter it shall be the duty of the treasurer of each private corporation......doing business in this Commonwealth, upon the payment of any interest upon any......bond, ......issued by said corporation to

residents of this Commonwealth, and held by them, to assess the tax imposed and provided for State purposes upon the nominal value of each and every said evidence of debt," and to report the assessment to the auditor general; and "it shall be his further duty to deduct" the tax and return the same to the state treasurer. It will be observed that this act places two duties upon treasurers of corporations, (1) to assess the tax, and (2) to collect it; and it is clear that the first is a prerequisite to the second. Under the construction placed upon this act by the United States Supreme Court, it can have no extra-territorial effect upon corporation officers residing out of the State to constrain them to assess the tax, any more than it can to compel them to collect it; and since treasurers are specifically named in the act to perform both these duties, we cannot by implication, or upon any proper theory of law or statutory construction, transfer this joint obligation to a corporation designated as a mere paying facility, such as the Land Title & Trust Company is in this case. The office of this company is specified upon the bonds and coupons as the place where the money is to be paid,— hence the defendant corporation is obliged to use it for that purpose; but the treasurer of the defendant company performs all his duties in connection with these payments in the City of New York. According to the facts found by the trial judge, this treasurer from time to time merely sends a sufficient amount of money into the State of Pennsylvania to meet these payments as they fall due. The Land Title and Trust Company is under no obligation other than to honor the coupons when presented and to return them to New York for cancellation, and, presumably, it would not possess the knowledge necessary to make the assessment required by the act; but, be this as it may, the treasurer is the person fixed with the duty of making the assessment, and since a nonresident treasurer cannot be compelled to perform this prerequisite to the collection of the tax,

it is plain that the trust company cannot be ordered to deduct a tax, which in point of fact, has never been assessed.

In Commonwealth v. Lehigh Valley R. R. Co., 186 Pa. 235, 246, referring to the act now before us, we said, "The tax is not in any sense or in any degree a tax on the corporation......, but on the individual citizen of the State who holds the bonds; the corporation is chargeable with it only as a collector, and by reason of default in the duty to collect." This being the situation, when considering the legislation in question, we must keep in mind the construction placed upon it by the Supreme Court of the United States, and read it according. ly. When the act is so viewed, it is plain that the defendant corporation cannot be charged with the tax upon the theory of a default in duty; for its treasurer is a nonresident, not fixed with any duty to perform. Moreover, when we consider our own construction, in the Lehigh Valley case, supra, in connection with the two United States cases, supra, it is clear that the local taxing officers may insist upon the return of the defendant's bonds and direct payment of the tax thereon by each individual citizen of the Commonwealth holding the same; and the proviso in section 6 of the act, to the effect that individuals shall not return corporate obligations "the tax upon which is required by law to be collected......and paid into the state treasury by the corporation," has no application, for, under the act as construed, the tax upon the defendant company, and others similarly situated, is not "required by law to be collected.......and paid.......by the corporation." Furthermore, the fact that the written obligations provide that the bonds and the interest thereon shall be paid "free of tax," does not enter into this case; that is a matter between the respective bondholders and the defendant corporation, and it can in no way affect the rights of the Commonwealth or the obligation of others

toward the State so far as concerns the assessment and collection of its taxes.

The assignments of error are overruled and the judgment is affirmed.