## Commonwealth v. Hershey Creamery Company

*Charles J. Margiotti*, Attorney General, and *Manuel Kraus*, Deputy Attorney General, for Commonwealth.

*John T. Olmsted*, for defendant.

WICKERSHAM, J., March 9, 1936.—This case was tried without a jury, as provided in the Act of April 22, 1874,

P. L. 109, entitled "An act to provide for submission of civil cases to the decision of the court, and to dispense with trial by jury."

The facts have been stipulated, which stipulation we direct to be filed as part of the record in this case, and are substantially as follows:

1. The Hershey Creamery Company is a corporation organized and incorporated under the laws of the State of Delaware "for the purpose of buying and selling milk, manufacturing and selling its by-products and buying and selling farm produce", and is engaged in this business at 401 South Cameron Street, Harrisburg, Pa., having been duly registered in this State.

2. It filed the customary report of capital stock and corporate loans for the year 1933, signed by the president and comptroller, each of which officers performs his duties principally at the place of business of the company in Harrisburg.

3. William G. Rabe, a resident of the State of New York, was elected treasurer of the company in 1927 and has continually served as such treasurer, with his office in 1933 at 55 Broad Street, New York City; and performed all of his business as treasurer of said company at said office. He is also a director of the company and as such attends the directors' meetings in the City of Harrisburg.

4. The defendant carried checking accounts in a number of banks and trust companies in New York City, Hagerstown, Md., Harrisburg, Chambersburg, Lancaster, Reading, Altoona, Bethlehem, and Ephrata, Pa.

5. The amount carried in the New York City banks in 1933 was $70,760.68.

6. The New York Trust Company of New York City was and is the trustee in the mortgage securing the bond issue of the company, and, as such, pays cash upon interest coupons from the bonds as they are received by it and did so in the year 1933. The money for this purpose was carried in a special account known as the "coupon ac-

count", which, in the year 1933, was created by two checks drawn upon the checking account carried by the Hershey Creamery Company with the New York Trust Company.

7. These checks were countersigned by George A. B. Holder, president of the company, whose office was in Harrisburg, Pa., but his counter-signature was written upon the checks while he was present in the office of the treasurer in the City of New York; and such signature was in the nature of an attestation of the fact that the treasurer was authorized to transfer the sum of money represented by the checks from one deposit with the New York Trust Company into the fund maintained in that trust company for the payment of interest coupons.

8. The defendant's principal office, its executive staff, its general corporate books, files and records are at its principal place of business in Pennsylvania, and the general policy of the company's business is determined in Pennsylvania.

9. The bonds in question were issued in Pennsylvania on or about June 1, 1927, and are secured by mortgages on real estate owned by the defendant situate in Pennsylvania.

10. The treasurer, William G. Rabe, was the only one with authority to make arrangements for the payment of interest coupons and the transfer of funds for this purpose was accomplished by him in New York City in the State of his domicile and business office.

### Discussion

With all of the facts stipulated we think little discussion is necessary. We quote from the opinion of Mr. Justice Moschzisker in Commonwealth v. Barrett Mfg. Co., 246 Pa. 301, 305:

"The fourth section of the Act of 1885, supra, provides, 'That hereafter it shall be the duty of the treasurer of each private corporation . . . doing business in this Commonwealth, upon the payment of any interest upon any . . . bond, . . . issued by said corporation to resi-

dents of this Commonwealth, and held by them, to assess the tax imposed and provided for State purposes upon the nominal value of each and every said evidence of debt,' and to report the assessment to the auditor general; and 'it shall be his further duty to deduct' the tax and return the same to the state treasurer. It will be observed that this act places two duties upon treasurers of corporations, (1) to assess the tax, and (2) to collect it; and it is clear that the first is a prerequisite to the second. Under the construction placed upon this act by the United States Supreme Court, it can have no extra-territorial effect upon corporation officers residing out of the State to constrain them to assess the tax, any more than it can to compel them to collect it; and since treasurers are specifically named in the act to perform both these duties, we cannot by implication, or upon any proper theory of law or statutory construction, transfer this joint obligation to a corporation designated as a mere paying facility, such as the Land Title & Trust Company is in this case." See also Commonwealth v. Lehigh Valley R. R. Co., 186 Pa. 235, 246.

Referring now to the decisions of the Supreme Court of the United States, we find it was held in New York, Lake Erie & Western R. R. Co. v. Pennsylvania, 153 U. S. 628:

"That the Commonwealth of Pennsylvania cannot, consistently with the Constitution of the United States, impose upon the New York, Lake Erie and Western Railroad Company the duty, when paying *in the city of New York* the interest due upon scrip, bonds, or certificates of indebtedness held by residents of Pennsylvania, of deducting from the interest so paid the amount assessed upon bond and moneyed capital in the hands of such residents of Pennsylvania.

"That the fourth section of the act of 1885, in its application to the New York, Lake Erie and Western Railroad Company, impairs the obligation of the contract originally made by the New York and Lake Erie Railroad Company and the State of Pennsylvania, as disclosed by the acts of

1841 and 1846, and by what was done by the companies, upon the faith of those acts."

In this case the judgment of the Supreme Court of Pennsylvania affirming the decision of the court below was reversed and the cause remanded for further proceedings not inconsistent with this opinion. This case was followed in a short opinion by the chief justice in Delaware & Hudson Canal Co. v. Pennsylvania, 156 U. S. 200.

The instant case is clearly distinguished from the case of Commonwealth, ex rel., v. Sun Oil Co., 294 Pa. 99, 30 Dauph. 275, in which it was held that, although the treasurer of the corporation lived without the State, since he performed nearly all his executive duties at the principal office of the company within the State, Pennsylvania was his official domicile, and the Commonwealth could impose upon him the duty of collecting the tax. In the instant case the treasurer of the corporation not only lives in the State of New York but performs all his executive duties in that State, with the exception of attendance at directors' meetings within the Commonwealth of Pennsylvania and occasional visits to the various plants of the company. His domicile, official and otherwise, is clearly in the State of New York.

Governed by the decisions from which we have quoted we are of opinion that the original tax settlement in this case and the restatement thereof were illegal and are therefore void.

### Conclusions of law

1. The treasurer of the defendant company is a nonresident of this Commonwealth; his residence is outside of this Commonwealth where he performs his duties, including the payment of interest on the corporate indebtedness. The Commonwealth of Pennsylvania cannot impose upon the defendant, which is a foreign corporation, the duty of deducting from the interest so paid the amount assessed upon bonds and indebtedness of the corporation in the hands of residents of Pennsylvania.

2. Under the construction to be properly placed upon the Act of June 30, 1885, P. L. 193, and its amendments, the act has no extraterritorial effect.

3. The treasurer of the defendant corporation, being a resident of the State of New York, where he transacts his business, including the payment of interest on coupons forwarded to him, cannot be compelled to assess the tax fixed by said act, nor to collect said tax, and he cannot be ordered to deduct the said tax from the interest coupons which he pays in the State of New York.

4. The Act of 1885, supra, and its supplements and amendments place two duties upon the treasurer of a corporation: (1) to assess the tax; and (2) to collect it; and it is clear that the first is a prerequisite to the second.

5. Under the construction placed upon the act by the United States Supreme Court there can be no extraterritorial effect upon corporate officers residing out of the State to constrain them to assess the tax any more than it can compel them to collect it.

6. The treasurer is the person charged with the duty of making the assessment and since, being a nonresident, he could not be compelled to perform this prerequisite to the collection of the tax, the trust company could not be ordered to deduct a tax which had never been assessed.

### Order

And now, March 9, 1936, it is ordered, adjudged and decreed that the appeal of the defendant corporation is sustained; that the Commonwealth of Pennsylvania is without power under the act of assembly to require the treasurer of defendant corporation to assess and collect a tax upon interest on the bonded indebtedness which he pays in the State of New York; and the assessment of said tax is null and void and cannot be collected. The costs of these proceedings are to be paid by the plaintiff.

From Homer L. Kreider, Harrisburg.