## Appeal of Fidelity-Philadelphia Trust Company, etc.

*J. Wesley Oler, Raymond E. Doyle, Thomas B. K. Ringe, Frederick N. Spotts, Pepper, Bodine, Stokes & Schoch* and *Morgan, Lewis & Bockius,* for appellant.

*Edward S. Lower, George W. Keitel* and *James H. Duff,* for appellee.

MacNEILLE, P. J., and MILNER, J., February 9, 1945.—This is an appeal from the assessment of State personal property taxes, made December 6, 1943, for the year 1939, covering certain bonds held by appellant in various fiduciary capacities.

In a proper procedure, appellant petitioned for reassessment and requested that the assessment of additional tax for 1939 be canceled and the tax stricken off. By order in review, dated March 21, 1944, the director of the division of personal property tax denied the petition and allowed the additional taxes to stand. Hence the appeal which we are now considering.

The question raised by the pleadings is whether the above-mentioned bonds are taxable under the State personal property tax or the corporate loans tax.

At the trial, in lieu of evidence, appellant and the Revenue Department of the State of Pennsylvania presented, in the form of a stipulation, a detailed statement of facts which has been filed of record.

### Findings of fact based on stipulation

1. In each instance, the bonds with which we are concerned were originally issued by a foreign railroad corporation and were assumed prior to January 1, 1939, by a railroad company created under the Railroad Consolidation Act of Pennsylvania with which these foreign corporations issuing the bonds were consolidated. The consolidated corporation assumed to pay the interest for the year 1939 on the respective bonds.

2. In each instance the consolidated corporation either owned or leased and operated property, including railroad tracks, in Pennsylvania during 1939, and, undoubtedly in each instance, it did business and maintained an office in Pennsylvania during 1939, although the personal residence of its treasurer was outside of Pennsylvania.

3. In each instance the corporation assuming payment of interest on the bonds filed a corporate loans tax return for 1939 and the corporate loans tax was im-

posed with respect to bonds issued by it, but not with respect to the bonds assumed by it.

4. The railroad companies which were thus created under the Railroad Consolidation Act of Pennsylvania and which assumed the bonds of the foreign corporations and paid the annual interest thereon are the following:

(a) The Western Maryland Railway Company, which assumed bonds in question originally issued by Western Maryland Railroad Company.

(b) The New York Central Railroad Company, which assumed bonds in question originally issued by New York Central & Hudson River Railroad Company; Chicago, Indiana & Southern Railroad Company; Cleveland Shortline Railroad Company; New York & Putnam Railroad Company; Indiana, Illinois & Iowa Railroad Company; Mohawk & Malone Railway Company, and Carthage & Adirondack Railway Company.

(c) The New York, Chicago & St. Louis Railroad Company (Nickel Plate), which assumed bonds in question originally issued by Toledo, St. Louis & Western Railway Corporation and Lake Erie & Western Railway Company.

(d) Delaware, Lackawanna & Western Railroad Company, which by endorsement guaranteed the principal and interest, and assumed payment of the interest on bonds in question originally issued by New York, Lackawanna & Western Railroad Company.

(a), (b), and (c) each were railroad corporations created in Pennsylvania by a consolidation under the Railroad Consolidation Act of March 24, 1865, P. L. 49, 67 PS §§599-606, and they appeared to have been organized in other States as well as in Pennsylvania. (d), which is the Delaware, Lackawanna & Western Railroad Company, was incorporated solely under the laws of Pennsylvania on March 11, 1853.

5. Paragraph 10 of the stipulation contains an itemized list of the bonds in question valued at $2,696,627,

and on these bonds the railroads covenanted to pay interest without deduction for State taxes as to all issues except two, viz, items 7 and 15 to be found in the itemized list in paragraph 10 of the stipulation.

6. The bonds are now held by appellant, which is a Pennsylvania corporation, having its principal office in Philadelphia, Pa., as trustee, guardian, executor, etc., for sundry trusts and wards.

7. The Division of Personal Property Tax of the Department of Revenue of the Commonwealth of Pennsylvania assessed State personal property tax against appellant for the year 1939 in the sum of $10,786.51 and interest thereon in the sum of $3,128.09.

We consider it important that, although in this case the Department of Revenue of the Commonwealth of Pennsylvania seeks to impose the State personal property tax and to collect it directly from the bondholders upon bonds of component corporations assumed by consolidated corporations, it has heretofore insisted that such consolidated corporations should make reports and pay the corporate loans tax upon bonds issued by them; to that extent the Commonwealth has taken a contrary position in a proceeding now pending in the Dauphin County court.

## Discussion

The first question presented for our consideration is whether bonds which were originally issued by foreign railroad corporations, but which were subsequently assumed and on which interest is annually paid by railroad companies organized and created under the Railroad Consolidation Act of Pennsylvania of March 24, 1865, P. L. 49, are subject in the hands of appellant to the State personal property tax of 4 mills for the year 1939 under section 3 of the State Personal Property Tax Act of May 18, 1937, P. L. 633, which is an amendment to and reënacts the Act of June 22, 1935, P. L. 414, or are exempt therefrom by reason of being

subject to the corporate loans tax of 8 mills imposed by section 17 of such act.

Section 3 of the act imposes a tax on "All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, whether . . . in his own right, or as active trustee. . . ." It enumerates, inter alia:

". . . all loans issued by any corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other state or government, including car-trust securities and loans secured by bonds or any other form of certificate or evidence of indebtedness, whether the interest be included in the principal of the obligation or payable by the terms thereof, *except such loans as are made taxable for State purposes by section seventeen hereof . . .*" (Italics supplied.)

We now quote from section 17 just referred to:

"All scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and *evidences of indebtedness assumed, or on which interest shall be paid* by any and every private corporation, incorporated or created under the laws of this Commonwealth, *or* the laws of any other state or of the United States and doing business in this Commonwealth and *having a resident corporate treasurer therein . . . . .*" (Italics supplied.)

Section 18 of the same act follows:

"It shall be the duty of the *resident treasurer* of each private corporation, incorporated by or under the laws of this Commonwealth or the laws of any other state or of the United States or any foreign country, and doing business in this Commonwealth, . . . upon the payment of any interest on any scrip, bond, certificate or evidence of indebtedness issued or assumed by such corporation, . . . or upon which it is liable for the payment of the interest to residents of this Common-

wealth and held by them, to *assess the tax imposed for State purposes by the seventeenth section of this act, . . .* Upon the payment of said State tax, such scrip, bonds, certificates or evidences of indebtedness shall be exempt from all other taxation in the hands of the holder of the same." (Italics supplied.)

From the sections just quoted it is clear that if the corporate loans tax does not apply, the State personal property tax does, and vice versa. See Alison's Estate, 338 Pa. 194 (1940).

We are of the opinion that when railroad corporations are consolidated under the Railroad Consolidation Act of 1865, they constitute domestic corporations, and as such are subject to payment of the corporate loans tax. Section 3 of that act declares that upon perfection of the consolidation agreement and the filing thereof with the Secretary of the Commonwealth, *"the several corporations,* parties thereto, *shall be deemed and taken to be one corporation."* (Italics supplied.) And, in sections 2, 4, 5, and 6 of that act, reference is made specifically to the "new corporation" which results from a consolidation.

In Commonwealth ex rel. v. The Atlantic & Great Western Railway Co., 53 Pa. 9 (1866), involving a consolidation and merger of railroad corporations created under the laws of New York, Pennsylvania, and Ohio, the per curiam opinion of the court is summarized in a headnote statement that the filing in the office of the Secretary of Commonwealth of the certificate of consolidation under the Railroad Consolidation Act of 1865 constituted the one company thus created a legal corporation in Pennsylvania.

Again, in The Pittsburgh, Cincinnati & St. Louis Railway Co. v. Fierst, 96 Pa. 144 (1880), the court pointed out, at page 148, that as the result of a consolidation of railroads under the Railroad Consolidation Act of 1865 the several participating corporations (organized under this and other States) united to create a new Pennsylvania corporation, and the sev-

eral corporations which were parties to the consolidation were to "be deemed and taken to be one corporation".

And, as to the obligation of such corporation to pay the corporate loans tax, we note that in Commonwealth v. Buffalo & Lake Erie Traction Co., 233 Pa. 79 (1911), defendant corporation was formed by the consolidation of a New York corporation and a Pennsylvania corporation. The paper books show defendant to be a corporation under the Railroad Consolidation Act of Pennsylvania. Although the corporation's treasurer and principal office were in New York where the bonds were pledged as collateral for debts due by Pennsylvania owners of the bonds, the court held that the corporation was obliged to deduct the corporate loans tax and pay the same to the treasurer of the State of Pennsylvania.

In 15 Fletcher on Corporations (per. ed. 1938) §7189, the law is stated thus:

"As we have seen, when corporations created by or under the laws of different states are consolidated under legislation in each state, the consolidated company is, in contemplation of law, a corporation in and of each state. When acting as a corporation in any one of the states, it acts as a corporation of, and under authority of the charter from, that particular state, *and that state only. It has an existence as a domestic corporation in each state.* It would seem to follow necessarily from this, and *so it has been held, that in each state the consolidated company is to be considered as 'incorporated under the laws' of that state, within the meaning of a statute imposing a tax upon corporations.*" (Italics supplied.)

We find similar statements in 51 C. J. 784, §566, and in 44 Am. Jur. 548, §324, and with each statement there are cited in the notes many cases in the United States Supreme Court and other jurisdictions in support of the views expressed.

We conclude that the consolidated railroad corporations mentioned above are Pennsylvania corporations

within the meaning of the statute imposing the corporate loans tax.

The second question which we must consider is whether the residence of the treasurer of the domestic corporation is a determining factor as to the imposition or collection of the corporate loans tax. The Commonwealth contends in the case before us that under section 17 of the Act of May 18, 1937, P. L. 633, a resident treasurer is a necessary prerequisite to the collection of the corporate loans tax by the Commonwealth. That section could be so read, but we feel that would be an interpretation inconsistent with the whole act and with its purpose and object. The relevant part of section 17 reads as follows:

"All scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid by any and every private corporation, incorporated or created under the laws of this Commonwealth, *or* the laws of any other state or of the United States *and doing business in this Commonwealth and having a resident corporate treasurer therein, are hereby made taxable for State purposes* . . ." (Italics supplied.)

We think in this situation the word "or" is disjunctive, and the section refers to two classes and its reference to having a resident corporate treasurer in Pennsylvania relates only to corporations incorporated *"under laws of any other state"*.

Our examination of the history of this legislation reveals that at the time it was drafted there were court decisions determining that a nonresident treasurer of a foreign corporation was outside our jurisdiction and could not be reached by process. This undoubtedly influenced the draftsmen of the act in making the distinction as far as foreign corporations and nonresident treasurers are concerned. In regard to this, we refer to New York, Lake Erie & Western Rail-

road Co. v. Pennsylvania, 153 U. S. 628 (1894) ; Commonwealth v. Barrett Mfg. Co., 246 Pa. 301 (1914).

It seems to us to be clear that as the company is incorporated under the laws of Pennsylvania no such constitutional difficulty is involved. See Bell's Gap Railroad Co. v. Pennsylvania, 134 U. S. 232 (1890), and Commonwealth v. Buffalo & Lake Erie Traction Co., supra, 233 Pa. 79.

In Commonwealth ex rel. v. Sun Oil Co., 294 Pa. 99, 102 (1928), it was held with respect to the corporate loans tax that:

"The treasurer [of a corporation] is the agent of the State for the assessment and collection of the tax, and, if he fails, the corporation becomes liable."

Moreover, subsequent to the enactment of the State Personal Property Tax Act of 1937, the Supreme Court of the United States has indicated that the duty of collecting a tax may be lawfully imposed even upon a foreign corporation whose treasurer does not reside in the taxing State. See Felt & Tarrant Mfg. Co. v. Gallagher et al., 306 U. S. 62 (1939), McGoldrick, Comptroller of New York City v. Berwind-White Coal Mining Co., 309 U. S. 33 (1940), and International Harvester Co. v. Wisconsin Department of Taxation, 322 U. S. 435, 64 S. Ct. Rep. 1060 (1944).

However this may be, it is apparent that at the time of the enactment of the Act of 1937, the draftsman was on his guard.

Assuming that our interpretation of section 17 of the act is correct, it becomes apparent that section 18 relates specifically to the collection of the corporate loans tax and only through mere inadvertence requires that such collection shall be made by a resident treasurer. This we regard as an oversight arising from a reasonable assumption that the principal office and residence of a treasurer of the company incorporated under the laws of this Commonwealth would be in

Pennsylvania. Certainly read in connection with section 17, as well as other sections of the Act, section 18 causes ambiguity. At this point it becomes important to consider a subsequent provision contained in section 18(*b*) which declares:

"It is the intent and meaning of this act that the tax for State purposes, imposed upon obligations of private and public corporations by section seventeen of this act, *shall be collected in the same manner as the tax heretofore imposed for State purposes upon such obligations.*" (Italics supplied.)

This undoubtedly refers to the manner formerly followed for collecting the taxes, which was through deduction by the corporate treasurer when paying interest on the bonds, etc., except that the duty of collecting was not required of the nonresident treasurer of a *foreign* corporation.

In our opinion, section 18(*b*) plainly contemplates that this manner of collecting should continue.

We call attention to section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, which makes an administrative interpretation of the law a factor to be considered.

In this connection, we must draw attention to the fact that in the administration of the State personal property tax of 1937, the Department of Revenue made the following interpretative ruling which is set forth in CCH Corporation Tax Service, Pennsylvania, State and Local, vol. 1, p. 2531, §25-101.02, which reads:

"The entire Act upon which the Corporate Loans Tax is based was amended and reënacted by an Act of May 18, 1937, P. L. 633. In reënacting the above provision an amendment was made inserting the words 'and having a resident corporate treasurer therein'; thus acknowledging the law as previously established by court decisions.

*"The Department of Revenue has taken the position that the amendment has no application to domestic corporations, but is intended to affect only foreign corporations doing business in Pennsylvania. The liability of every domestic corporation to make reports and pay the corporate loans tax continues as heretofore, irrespective of the residence of its treasurer."* (Italics supplied.)

Again we must call attention to the fact that this ruling of the Department of Revenue was followed in an unappealed decision of Judge Lewis of Common Pleas Court No. 2 of Philadelphia County, dated October 13, 1942, which held that bonds such as we are considering in the instant case were not subject to the personal property tax imposed for county purposes, which leaves the inference that they were subject to the corporate loans tax. Appeal of Fidelity-Phila. Trust Co., C. C. P. No. 2, June term, 1941, 1589 (reported on another point in 45 D. & C. 476).

Section 51 of the Statutory Construction Act, supra, also states that when a statute is ambiguous, the intention of the legislature may be ascertained by considering "the object to be attained". The object to be attained was revenue from a tax, the machinery of the collection was merely incidental to the object. Any inadvertence or ambiguity in the wording of various sections of the act with regard to incidence of collection of the tax must be resolved in favor of giving effect to the legislative intent.

As we have indicated, we think the inadvertence arose from an erroneous conception, first, that domestic corporations would of necessity have resident treasurers, and, secondly, that foreign corporations could not be called upon to collect the tax if the treasurer did not reside in Pennsylvania. This lost sight of the fact that the laws of our Commonwealth never required

that the treasurer of a domestic corporation must reside in this State. A Pennsylvania corporation may have a treasurer who does not reside in Pennsylvania, and if the reasoning of the Commonwealth were to prevail here, domestic corporations with nonresident treasurers, as well as foreign corporations with nonresident treasurers, would be relieved of the corporate loans tax. Certainly the legislature never intended that the imposition of the tax on domestic corporations should depend upon the mere accident of the personal residence of their treasurers.

We are therefore of the opinion that the corporate loans tax does apply with respect to the bonds here in question and under the plain provisions of the taxing statute the State personal property tax does not apply. The Commonwealth's position we regard as untenable, and the appeal by plaintiff from the State personal property tax must be sustained.

### Conclusions of law

1. Railroad corporations consolidated under the Railroad Consolidation Act of 1865 of Pennsylvania are domestic corporations within the meaning of the State Personal Property Tax Act of Pennsylvania.

2. Bonds issued or assumed by such corporations and held by residents of Pennsylvania are subject to the corporate loans tax and are not exempt therefrom because the treasurers of such corporations do not reside in Pennsylvania.

3. Such bonds are not subject to the State Personal Property Tax Act.

4. The assessments of the State property taxes for the year 1939 against appellant in this case are illegal and void.

5. The appeal must be sustained, and the tax assessments stricken off.

We accordingly enter the following

*Decree nisi*

And now, February 9, 1945, upon consideration of the foregoing matter, it is ordered, adjudged, and decreed that the appeal of Fidelity-Philadelphia Trust Company, Trustee, Guardian, Executor, etc., for Sundry Trusts and Wards, from the assessment of the State personal property taxes for the year 1939 against it in the amount of $10,786.51, and interest thereon in the amount of $3,128.09, made by the Division of Personal Property Tax of the Department of Revenue of the Commonwealth of Pennsylvania is sustained and the assessment is hereby stricken off.

The prothonotary is hereby directed to enter the foregoing decree nisi and to notify counsel or the parties of the filing of the above adjudication and decree nisi, and unless exceptions thereto are filed in 10 days, or if exceptions having been filed they are dismissed, either party may present a form of final decree in accordance with the terms of the decree nisi, to be entered in the case.

*Final decree*

And now, June 28, 1945, upon consideration of the adjudication, decree nisi, the exceptions filed by the Commonwealth of Pennsylvania and the stipulation filed and approved by this court on June 21, 1945, the exceptions are disposed of as provided in the stipulation and it is:

Ordered, adjudged, and decreed that the appeal of the Fidelity-Philadelphia Trust Company, Trustee, Guardian, Executor, etc., for Sundry Trust and Wards, from the assessment to the State personal property tax for the year 1939 against it in the amount of $10,-786.51 and interest thereon in the amount of $3,128.09, made by the Division of Personal Property Tax of the Department of Revenue of the Commonwealth of Pennsylvania is sustained and the assessment is hereby stricken off.